FILED
IN THIS OFFICE

2017 JUN -8 PM 12: 06

CLERK US DISTRICT COURT
GREENSBORO, N.C.

In the United States District Court
For the Middle District of North Carolina

| | |
|---|---|
| SHAJAR ABID ) | |
| ) | |
| Plaintiff ) | Civil Action No. 1:17-CV-00321 |
| ) | |
| v. ) | |
| GOOGLE INC ) | |
| ) | |
| Defendant | |

# Citizen's Legal Research
## Memorandum of Law

In rejecting a significantly different focus under RICO, therefore, we are honoring an analogy that Congress itself accepted and relied upon, and one that promotes the objectives of civil RICO as readily as it furthers the objects of the Clayton Act. Both statutes share a common congressional objective of encouraging civil litigation to supplement Government efforts to deter and penalize the respectively prohibited practices. The object of civil RICO is thus not merely to compensate victims but to turn them into prosecutors, "private attorneys general," dedicated to eliminating racketeering activity. (citing Malley-Duff, 483 U.S., at 151 ) (civil RICO specifically has a "further purpose [of] encouraging potential private plaintiffs diligently to investigate"). The provision for treble damages is accordingly justified by the expected benefit of suppressing racketeering activity, an object pursued the sooner the better.

1

The "private attorney general" concept holds that a successful private party plaintiff is entitled to recovery of his legal expenses, including attorney fees, if he has advanced the policy inherent in public interest legislation on behalf of a significant class of persons. Dasher v. Housing Authority of City of Atlanta, Ga., D.C.Ga., 64 F.R.D. 720, 722. See also Equal Access to Justice Act.

[Black's Law Dictionary, Sixth Edition]

Private Attorney General:

*A private citizen who commences a lawsuit to enforce a legal right that benefits the com munity as a whole.*

[West's Encyclopedia of American Law, edition 2]

The "private attorney general" phrase was coined by Judge Jerome Frank in a decision which did not involve an attorney fee at all, but rather a private citizen's standing to sue for vindication of a public objective. (Associate Industries v. Ickes (2d Cir. 1943) 134 F.2d 694, 704; Comment (1974) 122 U.Pa.L.Rev. 636, 658.)

California Code

*"by any person acting for the interests of itself, its members or the general public."*

Section 17535. Any person, corporation, firm, partnership, joint stock company, or any other association or organization which violates or proposes to violate this chapter may be enjoined by any court of competent jurisdiction.

The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person, corporation, firm, partnership, joint stock company, or any other association or organization of any practices which violate this chapter, or which may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of any practice in this chapter declared to be unlawful.

Actions for injunction under this section may be prosecuted by the Attorney General or any district attorney, county counsel, city attorney, or city prosecutor in this state in the name of the people of the State of California upon their own complaint or upon the complaint of any board, officer, person, corporation or association or by any person acting for the interests of itself, its any person acting for the interests of itself, its members or the general public.

The term private attorney general was coined by Judge Jerome Frank in the context of a challenge to a private persons standing to bring a lawsuit to vindicate the public interest. (County of Inyo v. City of Los Angeles (1978) 78 Cal.App.3d 82, 88, fn. 1, citing Associated Industries v. Ickes (2d Cir. 1943) 134 F.2d 694, 704.) It is meant to convey the concept that a private citizen may stand in the shoes of the Attorney General, not in the sense of an attorney representing a party in court, but in the sense of a government official advancing the public interest in a lawsuit.

## **RICO Statute**

The Racketeer Influenced and Corrupt Organizations Act (RICO) is found at 18 U.S.C. 1961 – 1968. RICO was passed by Congress in 1970 as part of the "Organized Crime Control Act". The stated purpose of the RICO Act was the "elimination of the infiltration of organized crime and racketeering into legitimate organizations operating in interstate commerce." S. Rep. No. 617, 91st Cong., 1st Sess. 76 (1968)

To establish a violation of RICO, the government must prove the following:

(1) the existence of an enterprise that affects interstate or foreign commerce, (2) that the Defendant was "employed by" or "associated with" the enterprise, (3) that the defendant participated in the conduct of the enterprise's affairs, and (4) that the participation was through a "pattern of racketeering activity" See United States v. Delgado, 401 F.3d 290 (US 5th Cir. 2005).

***The Defendant's Racket:*** Google charges fees and requires membership "dues" from participating pharmacies, then intentionally chose to ban a free market competitor, from providing a holistic, natural alternative. This criminal conduct hurt me, in more ways than you can imagine.

In H. J., Inc., the Supreme Court held that the term "pattern" requires the showing of a relationship between the predicates and of a threat of continuing activity. "It is this factor of continuity plus relationship which combines to produce a pattern." H.J., Inc. at Page 237. The Court continued that RICO's legislative history revealed that the intent of Congress was that in order for a prosecutor or plaintiff to prove a pattern of racketeering, the racketeering predicates must be related and they must amount to or pose a threat of continued activity. More recently, in 2005 the Fifth Circuit in United States v. Delgado supra, held :

> "In order to show the existence of a pattern of racketeering activity, the government must establish; (1) that the racketeering acts are related, and (2) that they amount to or pose a threat of continued criminal activity."

To state a racketeering claim, a plaintiff must allege that the defendant, through the affairs of an enterprise, profited from a pattern of racketeering activity. RICO defines a "pattern of racketeering activity" as "requir[ing] at least two acts of racketeering activity" occurring within 10 years of each other. 18 U.S.C. § 1961(5). However, in Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 n.14 (1985), the Supreme Court struggled with the meaning of the word "requires" and hinted that while two acts were necessary to establish a pattern.

**Proof of pattern:** I was suspended FIRST, then BANNED! As evidenced by the e-mails submitted. This is two incidents and meets requirements for a racketeering claim, which

justifies another trebling of damages.

Congress provided that "[n]othing in RICO shall supersede any provision of Federal, State, or other law imposing criminal penalties or affording civil remedies in addition to those provided for" in RICO.

The statute's "remedial purposes" are nowhere more evident than in the provision of a private action for those injured by racketeering injury. United States v. Turkette, 452 U.S. 517, 593 (1981).

Treble damages have unique characteristics that can be creatively used to address the problems of sophisticated crime. Treble damages can be used to (1) encourage private citizens to bring RICO actions, (2) deter future violators, and (3) complete victims for all accumulative harm. These multiple and convergent purposes make the treble damage provision a powerful mechanism in the effort to <u>vindicate the interests of those victimized by crime.</u>

Courts should allow plaintiffs to recover RICO treble damages on a motion for summary judgment. Like compensatory damages, RICO treble damages are mandatory and automatically awarded once the plaintiff proves the fact, cause, and extent of the injury. **Fact:** Google banned ads for my divine cure for cancer. **Cause:** greed & prejudice. **Extent of injury**: unspeakable.

The civil remedy provision of RICO states that "treble damages shall be recovered."

18 U.S.C. § 1964(c) (1982) (emphasis added).

For Google's counsel convenience, some tax law advice.

Under section 162 of the Internal Revenue Code (IRC) the payment of a fine or penalty to the government, and two-thirds of an antitrust judgment, is not deductible as an ordinary and necessary business expense.

**26 U.S.C. § 16 2 (g) (1982)** provides:

If in a criminal proceeding a taxpayer is convicted of a violation of the antitrust laws, or his plea of guilty or nolo contendere to an indictment or information charging such a violation is entered or accepted in such a proceeding, no deduction shall be allowed under subsection (a) for two-thirds of any amount paid

Congress intended treble damages not as a means for punishing the defendant, but as a remedy for the plaintiff.

116 CONG. REc. 36,296 (1970) (Sen. Doyle) (RICO will prove to be an effective deterrent); S. REP. No. 617, 91st Cong., 1st Sess. 81 (1969) (While "it is necessary... to free

the channels of commerce from predatory activities, ... there [was] no intent to visit punishment on any individual: the purpose [was] civil. Punishment as such [was] limited to the criminal remedies."). See also Brady v. Daly, 175 U.S. 148, 157 (1899) ("Although punishment, in a certain and very limited sense, may be the result of the statute ... so far as the wrongdoer is concerned, it [is] clear such is not its chief purpose, which is the award damages.

Supreme Court held in United States v. Bornstein that doubling the damages before deducting any pretrial payments best comports with Congress' judgment that double damages were necessary to make victims whole.

423 U.S. at 315. See also Burlington Indus. v. Milliken & Co., 690 F.2d 380, 391-95 (4th Cir. 1982) (rejects defense of claim reduction; settlement proceeds to be deducted after trebling actual damages in antitrust cause of action)
Congress itself has set the context within which RICO must be construed in its attack on sophisticated crime.

Supreme Court Interpretation of RICO

Haroco, 747 F.2d at 392 (RICO enacted to supplement, not supplant, available remedies).

Like compensatory damages, treble damages are mandatory once the victim establishes liability and the extent of the harm.' Edwards v. Travelers Ins., 563 F.2d 105, 118-19 (6th Cir. 1977) (Tenn. law; mandatory); Locklin v. Day-Glo Color Corp., 429 F.2d 873, 878 (7th Cir. 1970) (antitrust mandatory).

**Statutory punishment for "policy director", request for 'Kingpin' statute prosecution**

Unlike the RICO Act, which covers a wide range of organized crime enterprises, the CCE statute covers only major narcotics organizations. CCE is codified as Chapter 13 of Title 21 of the United States Code, 21 U.S.C. § 848. The statute makes it a federal crime to commit or conspire to commit a continuing series of felony violations of the Comprehensive Drug Abuse Prevention and Control Act of 1970 when such acts are taken in concert with 5 or more other persons. For conviction under this statute, the offender must have been an organizer, manager, or supervisor of the continuing operation and have obtained substantial income or resources from the drug violations.

*IIED* : definition for intentional infliction of emotional distress (IIED) is "one who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for that emotional distress and for any bodily harm that results from it." In other words, if a defendant intentionally does something

truly awful to a plaintiff, the plaintiff can sue for IIED and recover damages simply for his or her emotional pain and suffering. If the severe emotional distress also makes the plaintiff ill or causes some other physical problem, the plaintiff can recover damages for that harm as well.

I have nothing further your honor, the IIED from Google has had its intend effect. How would you feel if your natural cure for cancer, you believe was inspiration from God, and you were restrained from helping sick and dying humans by fascistic, heartless forces? As giving aid to the ill is a religious duty, I feel egregiously violated causing unspeakable pain. With patience and constancy in abidance, I hope and pray, in the interests of a truly Jeffersonian society of small independent producers, for complete and total justice.

Respectfully submitted,

Shajar Abid
5317 Roshni Ter
Mcleansville, NC
27301
919-720-8819
thealchemist@mightyhoney.org

Dated: June 9, 2017

## CERTIFICATE OF Word COUNT

As Per L.C 7.3 this is 1964 words

## CERTIFICATE OF SERVICE
I hereby certify that on June 9, 2017 I submitted the following "Memorandum of Law" at the clerk's office. I also mailed a copy to Google Inc's Counsel, Mr Rich of Charlotte, North Carolina, via First Class mail to send notification of such filings at the following address:

Ryan G. Rich
Hunton & Williams LLP
Bank of America Plaza, Suite 2500
101 South Tryon St.
Charlotte, NC 28280

*[signature]*

June 9th, 2017