Sarah N. Quiter (SBN 251546)
squiter@hunton.com
**HUNTON & WILLIAMS LLP**
50 California Street
Suite 1700
San Francisco, CA 94111
Telephone: (415) 975-3719
Facsimile: (415) 975-3701

Wendy C. McGraw (*Admitted Pro Hac Vice*)
wmcgraw@hunton.com
**HUNTON & WILLIAMS LLP**
500 East Main Street, Suite 1000
Norfolk, VA 23510
Telephone: (757) 640-5300
Facsimile: (757) 625-7720

Attorneys for Defendant
Google LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SHAJAR ABID,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GOOGLE LLC,<br><br>　　　　　Defendant. | CASE NO. 18-CV-00981-MEJ<br><br>**DEFENDANT GOOGLE LLC'S:**<br><br>**(1)  NOTICE OF MOTION AND MOTION TO DISMISS; AND**<br><br>**(2)  MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>*[Proposed] Order filed concurrently herewith*<br><br>Date:　　　　April 19, 2018<br>Time:　　　　10:00 a.m.<br>Courtroom:　Courtroom B - 15th Floor<br>Judge:　　　Hon. Maria-Elena James |

*Hunton & Williams LLP*
*50 California Street, Suite 1700*
*San Francisco, CA 94111*

**TO THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT**, on April 19, 2018 at 10:00 a.m., or as soon thereafter as this matter may be heard before the Honorable Maria-Elena James, in Courtroom B – 15th Floor of the United States District Court of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Google LLC will and hereby does move this Court for an order dismissing Plaintiff's Complaint (ECF No. 1) and Plaintiff's Supplemental Pleading (ECF No. 6) (collectively, the "Pleadings") in their entirety with prejudice.

This Motion to Dismiss is made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP") in response to the filing of Plaintiff's Pleadings:

The Pleadings must be dismissed with prejudice pursuant to FRCP 12(b)(6) because Plaintiff has failed to state a claim upon which relief may be granted.

This Motion is made based upon this Notice of Motion and Motion to Dismiss, the accompanying Memorandum of Points and Authorities, the pleadings and papers on file, and upon such oral argument as may be made at the hearing.

DATED:  March 14, 2018                 **HUNTON & WILLIAMS LLP**


By:  _____/s/ Sarah N. Quiter_____
          Sarah N. Quiter
          Wendy C. McGraw
          Attorneys for Defendant
          Google LLC

Hunton & Williams LLP
50 California Street, Suite 1700
San Francisco, CA 94111

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES**

**IN SUPPORT OF MOTION TO DISMISS**

## I.   STATEMENT OF ISSUES TO BE DECIDED

Should the Court dismiss Plaintiff's Pleadings pursuant to FRCP 12(b)(6) for failure to state a claim, where (1) Google is not a government actor, so Plaintiff's First Amendment claim fails as a matter of law; (2) Plaintiff has not alleged any factual basis for his antitrust claim against Google, and he has failed to allege any unreasonable restraint of trade; (3) Plaintiff's claim for breach of contract and unfair trade practices based on Google's alleged cancellation of his account fail because, by his own admission, he violated Google's policies; and (4) Plaintiff has failed to allege any aggravating conduct that would support a claim against Google under the North Carolina unfair trade practices statute?

## II.   INTRODUCTION

Plaintiff Shajar Abid ("Abid" or "Plaintiff) asserts various claims against Google LLC ("Google"), all of which arise out of the same core facts.  Abid alleges that he created a honey-based "divine cure for cancer" called "MightyHoney," which he sought to advertise on Google's advertising platform.  The advertisement included a claim that "MightyHoney" is a cure for cancer.  Abid concedes in various filings that he has not received approval from the Food and Drug Administration ("FDA") to market his product as a cure or treatment for cancer.  When Google cancelled Abid's advertising account for violation of its policies, Abid filed this lawsuit (ECF No. 1) under 42 U.S.C. § 1983 ("Section 1983), claiming that Google violated his constitutional rights under the First Amendment.  The Complaint also makes a reference to a potential antitrust violation by some unnamed entities, stating "It is for the wise judge to decide to investigate who is controlling these cancer keywords, and what connections are between the pharma and the knowledge sources … I am sure there are conspicuous collusions here.  That should be looked into under the antitrust laws." *Id.*

Abid subsequently filed a Motion to Supplement Pleadings (ECF No. 6).[1]  Although it is

---

[1] As noted below, the U.S. District Court for the Middle District of North Carolina granted Abid's Motion to Supplement Pleadings on October 12, 2017 (ECF No. 30).

1  difficult to understand this pleading, it appears to attempt to assert a claim under the Sherman Act,

2  breach of contract, and violation of the North Carolina unfair trade practices statute.

3          Abid's allegations against Google are a moving target.  However, for purposes of this Motion

4  to Dismiss,  Google assumes that the operative allegations are those stated in Abid's original

5  Complaint (ECF No. 1) and his Motion to Supplement Pleadings (ECF No. 6) (collectively, the

6  "Pleadings").   None of the claims alleged in the Pleadings can survive a motion to dismiss, for at

7  least the following reasons: (1) Google is not a government actor, so Abid's First Amendment claim

8  fails as a matter of law; (2) Abid has not alleged any factual basis for his antitrust claim against

9  Google, and he has failed to allege any unreasonable restraint of trade; (3) Abid's claim for breach of

10 contract and unfair trade practices based on Google's alleged cancellation of his account fail

11 because, by Abid's own admission, he violated Google's policies; and (4) Abid has failed to allege

12 any aggravating conduct that would support a claim against Google under the North Carolina unfair

13 trade practices statute.  Thus, the Court should dismiss Abid's Pleadings with prejudice.

14 **III.   PROCEDURAL HISTORY**

15          Abid filed his Complaint against Google on April 6, 2017 in the U.S. District Court for the

16 Middle District of North Carolina (ECF No. 1).  Plaintiff subsequently filed a "Motion to

17 Supplement Pleadings" on April 26, 2017 (ECF No. 6), which was granted by the North Carolina

18 court on October 12, 2017 (ECF No. 30).

19          On May 1, 2017, Google filed a Motion to Dismiss Pursuant to Rule 12(b)(6) Or, In The

20 Alternative, To Transfer Venue.  The Motion was fully briefed, and on October 12, 2017, Magistrate

21 Judge Webster issued an Order and Recommendation to transfer the case to this Court (ECF No. 30).

22 On February 13, 2018, Judge Osteen adopted the Recommendation and entered an order of transfer

23 (ECF No. 38).  The case was transferred to this Court and docketed on February 15, 2018 (ECF No.

24 39).  Because the North Carolina court granted the transfer without reaching the 12(b)(6) motion,

25 Google renews its Motion to Dismiss in this Court.

26 **IV.   STATEMENT OF RELEVANT FACTS**

27          **A.     Allegations in the Complaint**

28          The Complaint alleges that Abid opened a Google advertising account and commenced

Hunton & Williams LLP
50 California Street, Suite 1700
San Francisco, CA  94111

2

running advertisements on Google's platform advertising his product, "Mighty Honey," as a "divine cure for cancer." *See* Complaint.  Abid alleges that Google suspended his account and advised him that he could not make this claim as a Google advertiser because it violates Google's policies.  *Id.*  The Complaint asserts a claim for a violation of Abid's First Amendment rights under Section 1983, and Abid seeks damages in the amount of $10 billion.  *Id.*

The Complaint also makes a reference to a potential antitrust violation by some unnamed entities, stating "It is for the wise judge to decide to investigate who is controlling these cancer keywords, and what connections are between the pharma and the knowledge sources . . . I am sure there are conspicuous collusions here.  That should be looked into under the antitrust laws."  *Id.*

### B.     Allegations in Motion to Supplement Pleadings

The primary purpose of the Motion to Supplement Pleadings appears to have been to add a claim against LegitScript LLC, "a service provider to Google."  ECF No. 6 at ¶2.  However, to Google's knowledge, Abid has never sought to serve the Complaint or Motion to Supplement Pleadings on LegitScript.

The Motion to Supplement Pleadings alleges that on April 10, 2017, LegitScript "yellow-flagged" Abid's site (www.mightyhoney.org) because it impermissibly advertised MightyHoney as a cure for cancer.  *Id.* at ¶¶4, 8 and Ex. 1.[2]  Abid acknowledges in his Motion to Supplement that he has not obtained approval from the FDA to make such health or disease claims.  *Id.* at ¶¶10-11, ¶16.  This is further evidenced by Abid's additional filings, which include a declaration with a copy of "Citizen's Petition for Health Claim" and a Petition for Writ of Mandamus with Appendix in Support.  See ECF Nos. 17 and 18.  These filings relate to Abid's efforts to obtain approval from the FDA for his claims that MightyHoney can cure cancer.

In the Motion to Supplement, Abid continues to assert a First Amendment claim against Google.  ECF. No. 6 at ¶16.  He also makes conclusory allegations that Google and LegitScript have violated the Sherman Act, 15 U.S.C. § 1, by refusing to allow Abid to advertise his MightyHoney

---

[2] According to LegitScript, a product is "yellow-flagged" "if it is, or has been, marketed in a way that implies: (1) that it is safe or effective to cure, mitigate, prevent, or treat a disease; or (2) that it can affect the structure or function of the body- without having been approved as a drug by applicable regulatory authorities."  *Id.* at Ex. 1.

3

Hunton & Williams LLP
50 California Street, Suite 1700
San Francisco, CA  94111

product as a cure for cancer. *Id.* at ¶¶2, 12.

Abid also attempts to assert a claim for breach of contract and violation of N.C. Gen. Stat. Ann. § 75-1, North Carolina's unfair trade practices statute, against Google. *Id.* at ¶13. Like Abid's other claims, the allegations are nearly impossible to decipher. To support these claims, Abid relies on an email exchange with Google regarding enhancements to his AdWords account. *Id.* at ¶13 and Ex. 2. He alleges that, after this email exchange, his Google AdWords account was deleted, which amounts to "proof that [Google] breached a contract materially and maybe even deceptively." *Id.* However, the email he cites clearly states that Abid must "acknowledge that [he is] responsible for the content of the ads, complying with AdWords policies and any applicable local laws and regulations." Ex 2. Abid expressly agreed to the AdWords' policies. *Id.* Those policies prohibit advertisers from making misrepresentations, including "misleading content." Misleading content is defined to include "claims that entice a user with an improbable result" such as a "miracle cure" for disease. Google's policies also prohibit the following content: "Non-government approved products that are marketed in a way that implies that they're safe or effective for use in preventing, curing, or treating a particular disease or ailment."[3]

## V.   **LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint is subject to dismissal if it fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Caraccioli v. Facebook, Inc.*, 167 F. Supp. 3d 1056, 1061 (N.D. Cal. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The allegations in the complaint must be sufficient "to raise a right to relief above the speculative level" so that the claim "is plausible on its face." *Id.* (citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

---

[3]   *See* https://support.google.com/adwordspolicy/answer/6020955 and https://support.google.com/adwordspolicy/answer/176031(attached to this Motion as **Exhibit 1).** These policies are specifically referenced in documents that Abid has attached to his pleading, and his Complaint and Motion to Supplement contain multiple references to Google's policies. Thus, the policies may be considered by the Court in ruling on the Motion to Dismiss. *See Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007); *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001).

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO. 18-cv-00981-MEJ

Hunton & Williams LLP
50 California Street, Suite 1700
San Francisco, CA  94111

Hunton & Williams LLP
50 California Street, Suite 1700
San Francisco, CA  94111

liable for the misconduct alleged." *Steshenko v. Albee*, 42 F. Supp. 3d 1281, 1285 (N.D. Cal. 2014) (quoting *Twombly*, 550 U.S. at 570).

When considering a Rule 12(b)(6) motion, the court "must generally accept as true all 'well-pleaded factual allegations,'" and the facts must be construed "in the light most favorable to the plaintiff." *Caraccioli*, 167 F. Supp. 3d at 1061 (citations omitted).  However, "courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Moreover, "a plaintiff may plead herself out of court" by alleging "facts which establish that [s]he cannot prevail on h[er] . . . claim." *Steshenko*, 42 F. Supp. 3d at 1286 (citations omitted).

In a case such as this, where the plaintiff is proceeding *pro se*, the court must construe the complaint liberally. *Caraccioli*, 167 F. Supp. 3d at 1061.  The court must draw "every reasonable or warranted factual inference in the plaintiff's favor." *Id.* at 1061-62.  However, the court "need not give a plaintiff the benefit of every conceivable doubt." *Id.*

Applying these standards, Abid's claims against Google should be dismissed.

## VI.   ARGUMENT

### A.   Plaintiff's Pleadings Should Be Dismissed Pursuant to FRCP 12(b)(6) Because Plaintiff Has Failed to State a Claim Upon Which Relief May be Granted.

#### 1.   *The Pleadings Fail to State a Claim Against Google for Violation of Abid's Constitutional Rights.*

The Pleadings purport to assert a claim against Google for violation of Abid's First Amendment rights.  This claim fails as a matter of law because Google is a corporate citizen — not a government actor — and the Pleadings do not contain any factual allegations that suggest otherwise.

It is well settled that a plaintiff suing a private citizen under Section 1983 "must demonstrate that the private individual acted under color of state law." *Franklin v. Fox*, 312 F.3d 423, 444 (9th Cir. 2002).  This is because "plaintiffs do not enjoy Fourteenth Amendment protections against 'private conduct abridging individual rights.'" *Id.* (citations omitted).  Rather, "Section 1983 liability attaches only to individuals 'who carry a badge of authority of a State and represent it in some capacity.'" *Id.* (citations omitted).  Thus a plaintiff that asserts a Section 1983 claim against a private citizen "must show that a defendant's actions are 'fairly attributable' to the government." *Id.*

5

1  (citations omitted).

2         Here, Abid's claim against Google does not allege any state action or provide any factual

3  basis to assert a Section 1983 claim against Google – a private corporate citizen.  Plaintiff contends

4  that he sought to advertise on Google's platform, and that Google cancelled his account because it

5  violated Google's policies.  This is insufficient to state a claim against Google as a "state actor" and

6  Plaintiff's Section 1983 claim should be dismissed.

7                  **2.       *The Pleadings Fail to State an Antitrust Claim.***

8         Abid's Pleadings make only vague references to the Sherman Act, 15 U.S.C. §1, without

9  providing any factual allegations to support a claim against Google for a violation of the antitrust

10  laws.  The allegations simply are not sufficient to meet the pleading standards articulated in *Iqbal*

11  and *Twombly* even under the most liberal construction of Plaintiff's Pleadings.

12         In order to state a claim under §1 of the Sherman Act, a complaint must allege "(1) the

13  existence of an agreement, and (2) that the agreement was in unreasonable restraint of trade."

14  *Aerotec Int'l, Inc. v. Honeywell Int'l, Inc*., 836 F.3d 1171, 1178 (9th Cir. 2016).    Here, Plaintiff

15  cannot satisfy either element.

16         As a preliminary matter, Plaintiff has failed to allege any "agreement" between competitors

17  to restrain trade.  Rather, according to Plaintiff's allegations, LegitScript acted as an agent of Google

18  in identifying concerns related to Plaintiff's website and related advertisements.  Motion to

19  Supplement, ECF No. 6 at ¶2 (characterizing LegitScript as a "service provider" to Google); ¶12

20  (referring to LegitScript as a "contractual service provider" to Google).  Moreover, the Pleadings are

21  devoid of any allegations of an unreasonable restraint of trade.  The Pleadings simply allege that

22  Google would not permit Abid to advertise MightyHoney as a cure for cancer on its advertising

23  platform because such advertisement violated Google's published policies.  This is not an

24  "unreasonable restraint of trade" subject to the antitrust laws.  Indeed, by Plaintiff's own admission,

25  he has not obtained FDA approval to make such health and disease claims.  Plaintiff's antitrust claim

26  should be dismissed.

27

28

Hunton & Williams LLP
50 California Street, Suite 1700
San Francisco, CA  94111

6

### 3. *The Pleadings Fail to State a Claim for Breach of Contract or Violation of the North Carolina Unfair Trade Practices Statute.*

Abid's original Complaint did not assert any claim for breach of contract or violation of the North Carolina unfair trade practices statute. These claims were raised for the first time in his Motion to Supplement Pleadings. However, like Abid's other claims, these claims are fundamentally flawed and should be dismissed.

In support of his breach of contract and unfair trade practices claims, Abid relies on an email exchange with Google to support his allegation that Google agreed to run his advertisement for a certain number of days. Motion to Supplement, ECF No. 6 at ¶13. However, the document that Abid cites to and attaches to his pleading specifies that Abid must abide by Google's AdWords policies. *Id*. at ¶13 and Ex. 2. Those policies prohibit misleading content promoting "miracle cures" for a disease and "[n]on-government approved products that are marketed in a way that implies that they're safe or effective for use in preventing, curing, or treating a particular disease or ailment." See Exhibit 1. Plaintiff's advertisement of MightyHoney as a cure for cancer violates Google's policies, and consequently, Google had no obligation – contractual or otherwise – to run those advertisements on its platform. Abid's breach of contract and unfair trade practices claims fail as a matter of law and must be dismissed.

Moreover, in order to establish a prima facie claim for unfair trade practices under North Carolina law, a plaintiff must show, *inter alia*, that the "defendant committed an unfair or deceptive act or practice," which is a question of law for the court. *Dalton v. Camp*, 353 N.C. 647, 656 (2001). It is not sufficient for Plaintiff to allege a breach of contract: "a mere breach of contract, even if intentional, is not sufficiently unfair or deceptive to sustain an action" under the statute. *Hardin v. York Mem'l Park*, 730 S.E.2d 768, 777 (2012). Rather, "[t]o recover for unfair and deceptive trade practices, a party must show substantial aggravating circumstances attending the breach of contract." *Id.* Google's refusal to permit Plaintiff to advertise MightyHoney as a cure for cancer was not a breach of contract, because Google applied its policies, which Abid had agreed to upon creating an account. But even assuming, arguendo, that Google's actions somehow amounted to a breach, Plaintiff's pleadings lack any allegations of aggravating conduct by Google. Thus, he has failed to

Hunton & Williams LLP
50 California Street, Suite 1700
San Francisco, CA  94111

1    state a claim for violation of the North Carolina statute, and that claim must be dismissed.

2    **VII.    <u>CONCLUSION</u>**

3            For the foregoing reasons, Google requests that the Court grant its Motion to Dismiss and

4    dismiss all claims asserted against Google in the Complaint and Motion to Supplement Pleadings in

5    their entirety with prejudice.

6

7    DATED:  March 14, 2018                          **HUNTON & WILLIAMS LLP**

8

9                                                    By:  _____/s/ Sarah N. Quiter_____
                                                         Sarah N. Quiter
10                                                       Wendy C. McGraw
                                                         Attorneys for Defendant
11                                                       Google LLC

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO. 18-cv-00981-MEJ

# EXHIBIT I





## Advertising Policies Help

ADVERTISING POLICIES

# Misrepresentation

We don't want users to feel misled by ads that we deliver, and that means being upfront, honest, and providing them with the information that they need to make informed decisions. For this reason, we don't allow the following:

- promotions that prompt users to initiate a purchase, download, or other commitment without first providing all relevant information and obtaining the user's explicit consent
- promotions that represent you, your products, or your services in a way that is not accurate, realistic, and truthful

Below are some examples of what to avoid in your ads. Learn about what happens if you violate our policies.

If you think your ad was incorrectly disapproved, you can request a review through the Disapproved ads and policy questions form ↗.

## Missing information

The following is not allowed:

❌ Failure to clearly and conspicuously disclose the payment model and full expense that a user will bear

**Examples**: Price, shipping costs, and other billing related information; interest rates; late payment fines or recurring subscription cost; using premium rate phone numbers in call extensions

❌ Failure to display legitimate physical contact information for a financial services business, or omitting material details about short-term loans or loan modification and foreclosure products

**Examples**: A bank that doesn't display its physical address, a loan company that does not disclose the monthly interest rate or the penalty amount for late payment.

See requirements for financial services

❌ Omitting material information (that is, important and relevant information) when soliciting a charitable or political donation

**Examples**: Failing to display a charity or tax exemption number for charitable donations, failing to disclose whether political donations are tax exempt

Troubleshooter: Missing information

## Unavailable offers

The following is not allowed:

❌ Promising products, services, or promotional offers that aren't easily found from the landing page

**Examples**: Promoting products that are not stocked; promoting a deal that is no longer active; promoting a price that is inaccurate; call-to-action in the ad that isn't easily available from the landing page

**Specific example**: Ad reads "Buy tablets from $40," but upon clicking on the ad, the user finds no tablets available for purchase at $40

**Note**: Avoid creating ads for specific offers unless you can update your ads as your inventory or offers change. For example, if you create an ad for a one-day promotional discount, remember to update or remove the ad the next day when the offer is no longer available. If the inventory or prices on your site change often, consider setting up Dynamic Search Ads ⬀, which automatically show your ad based on the content of your website.

Learn how to fix a disapproved ad or extension. If your ad was disapproved because of the ad's destination, learn how to fix a suspended site or app.

## Misleading content

The following is not allowed:

❌ Making false statements about your identity or qualifications

    **Examples**: A college student purporting to be a qualified lawyer, an unlicensed plumber claims to be licensed

❌ Using false claims or claims that entice the user with an improbable result (even if this result is possible) as the likely outcome that a user can expect

    **Examples**: "Miracle cures" for medical ailments, extreme weight loss products or programs, "get rich quick" schemes or promising large financial return for minimal effort or investment

    **Specific example**: A weight loss ad that says you can eat whatever you want and lose 10 pounds in a month

    **Note**: If you guarantee certain results, have a clear and easily accessible refund (money-back) policy. Testimonials that claim specific results must include a visible disclaimer stating that there is no guarantee of specific results and that the results can vary. Include links to third-party verification or include relevant and noticeable disclaimers when testimonials and endorsements imply that results are typical.

❌ Falsely implying affiliation with, or endorsement by, another individual, organization, product, or service

    **Examples**: Misleading use or mimicry of official government sites, stamps, seals, or agency names

    **Specific example**: An advertiser mimics the layout and design of an official government agency site

❌ Ads that mislead or trick the user into interacting with them

    **Examples**: Ads that resemble system or site warnings/error messages; ads that simulate messages, dialog boxes, menus, or request notifications; hosted ads that are indistinguishable from other content; ads depicting features that do not work; ads with a transparent background; images that are segmented; an image that contains multiple copies of itself within the ad; or images that appear to be more than one ad; moving and clicking arrows

    **Note**: Animated ads and Ad gallery ads can have mock animated features or icons as long as the functionality works or the purpose of these features can be found on the landing page.

❌ Providing a business name that is anything other than the domain, the recognized name of the advertiser, or the promoted downloadable app

Troubleshooter: Misleading content

## Competitive claims

The following is not allowed:

❌ Promotions that contain the superlatives and comparatives "best," "#1," "better than," "faster than," or any other equivalent claims where that claim is not supported by third-party verification on the landing page

> **Examples**: Ad text reading "#1 window cleaning service in the world" with no evidence on the landing page to support the claim of being #1. This claim would be permissible if the landing page linked to a third-party industry analysis that showed the company in question to be the most popular, highest quality service, etc.

> **Note**: Ads that are written in Simplified or Traditional Chinese and target China can't contain any superlative claims or comparatives, even if such claims are supported by third-party verification.

Troubleshooter: Competitive claims

## Unclear relevance

The following is not allowed:

❌ Promotions that are not relevant to the landing page

> **Examples**: An ad that uses the keyword insertion feature without a relevant "default" keyword in place; ad title not relevant to ad text; ad doesn't clearly indicate that the resulting landing page is a search results page; ad doesn't accurately describe what the user will see on the destination page; using overly general keywords or engaging in keyword spam

> **Note**: When using keyword insertion 🔗, include default ad text that is clear and easy to understand.

Learn how to fix a disapproved ad or extension. If your ad was disapproved because of the ad's destination, learn how to fix a suspended site or app.

## Untrustworthy behavior

The following is not allowed:

❌ Concealing or misstating information about the business, product, or service

> **Examples**: Enticing users to part with money or information under false or unclear pretenses; presenting a false identity, business name, or contact information; charging users for products or services typically available for free; sites that are "phishing" for users' information

We take untrustworthy promotions very seriously and consider them to be an egregious violation of our policies. Advertisers or sites that are found to be untrustworthy are not permitted to advertise with us again, so please err on the side of caution in being clear about the product, business, or service that you're promoting. Note that in determining whether an advertiser or site is untrustworthy, we may review information from multiple sources including your ad, website, accounts, and third party sources.

We reinstate accounts only if there's compelling evidence that we made an error. If you believe we've made an error, you can submit an appeal with any additional information you can provide.

## Need help?

If you have questions about this policy, let us know:

✉ Contact AdWords Support

Was this article helpful?

YES          NO

You're viewing our Advertising Policies. For general AdWords support, visit the AdWords Help Center.

**Advertising policies**

Ad formats and features

Ad targeting

Abusing the ad network

Adult content

Alcohol

Copyrights

Counterfeit goods

Dangerous products or services

Data collection and use

Destination requirements

Editorial

Enabling dishonest behavior

Financial services

Gambling and games

Healthcare and medicines

Inappropriate content

Legal requirements

**Misrepresentation**

Other restricted businesses

Personalized advertising

Political content

Technical requirements

Trademarks

©2017 Google - Privacy Policy - Terms of Service   **English**

  

## Advertising Policies Help

### ADVERTISING POLICIES

# Healthcare and medicines

Google restricts the promotion of healthcare-related content such as the following:

- over-the-counter medication
- prescription medication and information about prescription medication
- online and offline pharmacies
- pregnancy and fertility-related products and services
- medical services and procedures
- clinical trial recruitment
- sexual enhancement treatments

The restrictions that apply to this content may vary depending on the product or service that you're promoting and the countries that you're targeting. Some content, such as unapproved substances, can't be promoted anywhere.

Depending on the content that you're promoting and the countries where your ads appear, you may need to apply for pre-authorization with Google before advertising healthcare-related content.

Below are some examples of healthcare content that we allow in certain circumstances. Some content is only available in specific regions, so be sure to check the list of country-specific restrictions for every country where you plan to advertise.

If you think your ad was incorrectly disapproved, you can request a review through the Disapproved ads and policy questions form ⧉.

## Pharmaceutical manufacturers

Google allows pharmaceutical manufacturers to advertise in select countries only.

### Prescription drugs

Pharmaceutical manufacturers may promote prescription drugs in the following countries only: Canada, New Zealand, United States

### Over-the-counter medicines

Pharmaceutical manufacturers may promote over-the-counter medicines in the following countries only: Australia, Austria, Brazil, Canada, China, France, Germany, Hong Kong, India, Italy, Japan, Mexico, Netherlands, New Zealand, Norway, Poland, Russia, South Korea, Spain, Sweden, United Kingdom, United States

### Other manufacturers and suppliers

Bulk drug manufacturers, medical professional suppliers, and antibody/peptide/compound suppliers for commercial labs may advertise in the following countries only: Canada, United States

### Certification

Pharmaceutical manufacturers must be certified by Google in order to serve ads. See how to apply below.

## Prescription drug sale

Google restricts the promotion of online pharmacies. To determine whether an advertiser is promoting an online pharmacy, we consider a number of factors such as the content of your ads and site or app, as well as the products or services that you offer. For user safety and other reasons, we err on the side of caution in applying this policy, especially for landing pages that link or refer to content that in any way appears to be the online sale of medicines, whether prescription or over-the-counter medicine.

### Countries

Google allows the promotion of online pharmacies in only these countries: Australia, Austria, Brazil, Canada, China, Germany, Hong Kong, Japan, Mexico, Netherlands, New Zealand, Norway, Sweden, Taiwan, United Kingdom, United States

Google does not allow the promotion of online pharmacies in other countries.

### Keywords

Google allows online pharmacy advertisers to bid on keywords containing prescription drug terms in only the following countries: Australia, Canada, Germany, New Zealand, Netherlands, United Kingdom, and United States.

### Certification

Online pharmacies must be certified by Google in order to serve ads — see how to apply below. To be certified with Google, online pharmacies must be registered with the relevant pharmaceutical authorities in the countries that their ad campaign targets.

## Restricted drug terms

In most parts of the world, Google doesn't allow the use of prescription drug terms in ad text, landing pages, or keywords.

- For campaigns targeting Canada, New Zealand, or the United States, certain businesses such as online pharmacies and pharmaceutical manufacturers may use prescription drug terms in ad text and landing pages. These businesses must be certified by Google in order to serve ads — see how to apply below.
- If your campaigns do not target Canada, New Zealand, or the United States, you may not use prescription drug terms in ad text or landing pages.
- In limited cases, and where permitted by local law, Google allows exceptions to this policy for public health and safety awareness campaigns from governmental or well-established non-profit health advocacy organizations. If you would like to apply for such an exception to use prescription drug terms in ad text, landing pages, or keywords, please contact us.

See a non-exhaustive list of prescription drugs or active ingredients that are monitored under this policy.

Troubleshooter: Restricted drug term

## Unapproved substances

Google doesn't allow the promotion of the following content, irrespective of any claims of legality:

- All items on this non-exhaustive list of prohibited pharmaceuticals and supplements
- Products that contain ephedra
- Products containing human chorionic gonadotropin (hCG) in relation to weight loss or weight control, or when promoted in conjunction with anabolic steroids
- Herbal and dietary supplements with active pharmaceutical or dangerous ingredients
- False or misleading health claims, including claims implying that a product is as effective as prescription drugs or controlled substances
- Non-government approved products that are marketed in a way that implies that they're safe or effective for use in

preventing, curing, or treating a particular disease or ailment

- Products that have been subject to any government or regulatory action or warning
- Products with names that are confusingly similar to an unapproved pharmaceutical or supplement or controlled substance

Google does not allow the promotion of DHEA and Melatonin products anywhere except Australia, Canada, the United Kingdom, and the United States.

For additional information on the unapproved or misleading pharmaceuticals and supplements that we monitor, please visit www.legitscript.com ⧉ .

Troubleshooter: Unapproved substances

Troubleshooter: DHEA or Melatonin

## Clinical trial recruitment

Google doesn't allow the promotion of clinical trial recruitment except in Australia, Belgium, Canada, China, France, Germany, Indonesia, Ireland, Israel, Italy, Japan, Korea, Malaysia, Netherlands, New Zealand, Philippines, Singapore, Taiwan, Thailand, United Kingdom, United States, and Vietnam.

Promotions for clinical trial recruitment may not promote prescription drugs or create misleading expectations or effects of a product being tested, or imply that the product being tested is safe.

Troubleshooter: Clinical trial recruitment

## HIV home tests

Google prohibits the promotion of HIV home tests everywhere in the world except in the United States, France, the Netherlands, and the United Kingdom. In the United States, advertisers may promote home HIV tests that are FDA approved. In France, the Netherlands, and the United Kingdom advertisers may promote home HIV tests that meet local regulatory requirements.

Troubleshooter: HIV home tests

## Abortion

Google doesn't allow ads related to abortion in the following countries: Antigua and Barbuda, Argentina, Aruba, Bahamas, Bahrain, Belgium, Belize, Bolivia, Brazil, Cayman Islands, Chile, Columbia, Costa Rica, Djibouti, Dominica, Dominican Republic, Ecuador, Egypt, El Salvador, France, Germany, Grenada, Guadeloupe, Guatemala, Haiti, Honduras, Hong Kong, Hungary, India, Indonesia, Iran, Iraq, Italy, Jamaica, Jordan, Korea (South), Kuwait, Lebanon, Libya, Malaysia, Martinique, Mexico, Morocco, Nicaragua, Oman, Pakistan, Palestinian Territory, Panama, Paraguay, Peru, Philippines, Poland, Qatar, Russia, Saint Barthelemy, Saudi Arabia, Singapore, Spain, Sri Lanka, St. Kitts and Nevis, St. Lucia, Suriname, Switzerland, Syria, Taiwan, Thailand, Tunisia, Ukraine, United Arab Emirates, Uruguay, Venezuela, Yemen

If your country allows ads related to abortion, your ads will run on the Search Network. However, these ads will be classified as Approved (limited) ⧉ , meaning they will only show in approved areas, and there may be additional restrictions for your country. See the country-specific sections below for more information about how policies differ by country.

Abortion-related ads won't appear on the Google Display Network, even if they are Approved (limited).

Troubleshooter: Abortion

## Birth control

Google doesn't allow ads related to birth control or fertility products in the following countries: Bahrain, China, Djibouti, Egypt, Hong Kong, Iran, Iraq, Jordan, Kuwait, Malaysia, Lebanon, Libya, Morocco, Oman, Palestinian Territory, Qatar, Saudi Arabia, Syria, Thailand, Tunisia, Ukraine, United Arab Emirates, Yemen

Troubleshooter: Birth control

## Apply for certification to advertise with Google

Certain advertisers — such as online pharmacies, pharmaceutical manufacturers, and others looking to use prescription drug terms in ad text or landing pages — need to be certified with Google in order to advertise. If you are such an advertiser, here's how to apply to be certified:

1. Adhere to all country-specific requirements below. If your campaign targets a country that isn't listed, then we don't allow the promotion of prescription drugs or over-the-counter medicines by pharmaceutical manufacturers in that country.

2. ✉ Fill out our online application form.

- Please be sure to include your AdWords customer ID, located at the top of your account pages.
- To cut down on any unnecessary delays, be sure to fill out all of the requested information.
- If you are an agency applying on behalf of an advertiser, please send documentation detailing your relationship with the advertiser or license holder.

## How does this policy differ from country to country?

In addition to the content-based restrictions above, there may be further requirements based on the countries that your campaign targets. Choose a country below to see additional requirements that you must meet in order for your ad campaign to target that country.

The restrictions below are for ads targeting this country: **United States**

## United States

| Product | Allowed? |
|---|---|
| Online pharmacies | ✔ **Allowed with limitations**<br><br>Google allows online pharmacies if they're accredited by the National Association of Boards of Pharmacy (NABP). Google requires the following NABP accreditation depending on the type of site:<br><br>- VIPPS - Required for pharmacies with full online functionality, including the sale (or facilitation of sale) of prescription drugs or the acceptance of new prescription drug orders through their website.<br>- e-Advertiser - Required for pharmacies (including pet pharmacies) with limited online functionality such as prescription refills or transfers.<br>- .pharmacy domain - Websites with a ".pharmacy" top-level domain are available to pharmacies with full or |

limited online functionality, including sale (or facilitation of sale) of prescription drugs or services, acceptance of new prescription drug orders through their website, and prescription refills or transfers.

- Vet-VIPPS - Required for pet pharmacies with full online functionality, including the sale (or facilitation of sale) of prescription drugs, and the acceptance of new prescription drug orders through their website.

Learn more or apply for NABP accreditation ⧉ . Advertisers must also be certified with Google. See how to apply above.

## Troubleshooting a disapproval

If your ad is disapproved for violating this policy, try reviewing the following tips to help resolve your issue:

| Disapproval reason | What does it mean? | What do I do now? |
|---|---|---|
| Online pharmacy certification required | Your ad, website, or app is promoting prescription drugs or related products but your account isn't certified by Google. | Remove all references to promoting prescription drugs from your ad and website or app. Alternately, if you're a licensed online pharmacy, you can be certified with Google — see how to apply above. |
| Targeting does not match policy | Your ad, website, or app is promoting prescription drugs or related products, and even though your account is certified by Google, your ad is targeting a country outside the country that you were certified for. | Remove all references to promoting prescription drugs online from your ad and website or app. Alternatively, you can change your location targeting for your campaigns to match the country where you're certified to advertise your pharmacy. See the section above for more detail around country-specific restrictions for the countries that you're targeting. |
| URL does not match online pharmacy certification | Your ad, website, or app is promoting prescription drugs or related products, and even though your account is certified by Google, the website or app that the ad promotes doesn't match the one that's certified by Google. | Remove all references to promoting prescription drugs online from your ad and website. Alternatively, you can change your ad to promote the website or app that was submitted in your certification request. If you'd like to use a new website or app as an online pharmacy, it must also be certified with Google — see how to apply above. |
| OTC drugs license number required | Your ad, website, or app is promoting over-the-counter drugs without a license number, and that's not allowed for at least one country that your campaign targets. | Remove all references to over-the-counter drugs without a license number from your ad and website or app. Alternatively, you can change your location targeting for your campaigns to target only countries where this service is allowed. See the section above for more detail around country-specific restrictions for the countries that you're targeting. |
| Prescription drug targeting | Your ad, website, or app is promoting prescription drugs, and that isn't allowed for at least one country that your campaign targets. | Remove all references to prescription drugs and steroids from your ad and website or app. Alternatively, you can change your location targeting for your campaigns to target only countries where this service is allowed. See the section above for more detail around country-specific restrictions for the countries that you're targeting. |

## Troubleshooting a suspended site

Review the guidelines above and make any necessary changes to your site. Once you've done that, request a review of your site by completing this contact form:

 Request a review

If your site is re-enabled, your ads may resume running. If your ads remain disapproved, resubmit them for approval using the instructions below. We strive to review sites and ads as quickly as possible, usually within three business days. If you've been waiting more than three business days for your site or ads to be reviewed, please contact us.

## How do I resubmit my ad for review?

If your ad is disapproved, you can resubmit it for review by simply editing your ad and then saving it. To avoid getting disapproved again, make sure that your ad complies with our policies and that you remove any references to unacceptable content before saving your ad.

Here's how to edit your ad:

1. Visit your account's **Ads** tab ⧉ .
2. Hover over the table row that lists the ad you want to edit. Click the pencil icon next to your ad, and you'll be able to edit your ad right there.
3. Click **Save** when you're done editing your ad.

After editing and saving your ad, the **Status** column will change from "Disapproved" to another status like "Under review" or "Eligible." We review most ads within 1 business day. Some reviews may take longer because some ads require more complex review.

## What happens if you violate our policies

**Ad or extension disapproval**: Ads and extensions that don't follow this policy may be disapproved. A disapproved ad won't run until the policy violation is fixed and the ad is approved.

**Site suspension**: We may suspend websites that violate our policies, meaning that the website can no longer be advertised until the problem is fixed.

**Account suspension**: An account may be suspended if you have several violations or a serious violation. If this happens, all ads in the suspended account will stop running, and we may no longer accept advertising from you. Any related accounts may also be permanently suspended and your new accounts may be automatically suspended at setup. Learn more about suspended accounts.

To ensure a safe and positive experience for users, Google requires that advertisers comply with all applicable laws and regulations in addition to the Google AdWords policies. It's important to familiarize yourself with and keep up to date on these requirements for the places where your business operates, as well as any other places your ads are showing. When we find content that violates these requirements, we may block it from appearing, and in cases of repeated or serious violations, you may no longer be able to advertise with Google.

## Contact information

If you still have questions about this policy, you can contact us via the link below. You'll be taken to a form where you can write to us about your issue.

 Contact AdWords Support

## Tell us what you think

Rate how helpful this page is and share your feedback with us below:

Was this article helpful?

YES          NO

You're viewing our Advertising Policies. For general AdWords support, visit the AdWords Help Center.

# Advertising policies

Ad formats and features

Ad targeting

Abusing the ad network

Adult content

Alcohol

Copyrights

Counterfeit goods

Dangerous products or services

Data collection and use

Destination requirements

Editorial

Enabling dishonest behavior

Financial services

Gambling and games

**Healthcare and medicines**

Inappropriate content

Legal requirements

Misrepresentation

Other restricted businesses

Personalized advertising

Political content

Technical requirements

Trademarks

©2017 Google - Privacy Policy - Terms of Service  **English**

## CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2018, I electronically filed a Notice of Motion and Motion to Dismiss; and Memorandum of Points and Authorities in Support Thereof with the Clerk of the Court using the CM/ECF system, and a Chambers copy was also mailed pursuant to the Civil Standing Order for Magistrate Judge Maria-Elena James.  I also hereby certify that on March 14, 2018, I emailed a Proposed Order in Word format to mejpo@cand.uscourts.gov.  On March 14, 2018, a copy of such filings was also served by first-class mail on the plaintiff at the following address:

Shajar Abid
5317 Roshni Ter.
Mcleansville, NC   27301

*/s/Sarah N. Quiter*
Sarah N. Quiter (CA Bar #251546)
**HUNTON & WILLIAMS LLP**
50 California Street, Suite 1700
San Francisco, CA 94111
Telephone:  (415) 975-3719
Facsimile:  (415) 975-3701
squiter@hunton.com

*Counsel for Google LLC*