UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAJAR ABID,<br><br>    Plaintiff,<br><br>    v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Case No. 18-cv-00981-MEJ<br><br>**ORDER RE: MOTION FOR PRELIMINARY INJUNCTION, PETITION FOR WRIT OF MANDAMUS, REPORT AND RECOMMENDATION**<br><br>Re: Dkt. Nos. 7, 18, 30 |

Plaintiff Shajar Abid initiated this action in the Middle District of North Carolina on April 6, 2017. *See* Compl., Dkt. No. 1. On April 26, 2017, Plaintiff filed a Motion for Preliminary Injunction. Mot. for Prelim. Inj., Dkt. No. 7. On May 9, 2017, Plaintiff filed a Petition for Writ of Mandamus. Pet., Dkt. No. 18. Defendant Google LLC responded to the Motion and Petition. Inj. Opp'n, Dkt. No. 21; Pet. Opp'n, Dkt. No. 22. Google also subsequently filed a Motion to Dismiss (Dkt. No. 46), which the Court will address in a separate order.

On October 12, 2017, Magistrate Judge Joe L. Webster issued a Report and Recommendation recommending that the action be transferred to this Court. R. & R., Dkt. No. 30. Judge Webster further recommended Plaintiff's Motion and Petition "be left to the discretion of the transferee court." *Id.* at 9. District Judge William L. Osteen Jr. adopted the Report and Recommendation in full. Dkt. No. 38.

The case was transferred to this Court on February 15, 2018. Dkt. No. 39. As of March 26, 2018, all parties have consented to magistrate judge jurisdiction. Dkt. Nos. 43, 51; *see* 28 U.S.C. § 636(c)(1). In light of the foregoing and having considered the parties' papers, the Court **ORDERS** the following:

    1.    Plaintiff's Motion for a Preliminary Injunction is **DENIED**. "The function and

purpose of a preliminary injunction is to prevent irreparable injury pending an ultimate determination of the action." *Marine Cooks & Stewards, AFL v. Panama S. S. Co.*, 268 F.2d 935, 935 (9th Cir. 1959). Plaintiff seeks (1) "a declaratory judgment that any FDA rules or regulations that prevents the plaintiff from truthfully stating, or using the word 'cure' or 'cure for cancer', are abrogated due to being unconstitutional"; (2) an affirmation of Plaintiff's First Amendment rights; (3) an order "so the FDA can't come after [Plaintiff] later"; and (4) an investigation into LegitScript LLC and Defendant for their "potential, incidental, accidental and/or actual anti-trust violations[] regarding the pharmaceutical market in the United States. Mot. ¶¶ 3-6. The only Defendant Plaintiff has named and served in this action is Google. *See* Compl.; Docket. As neither the FDA nor LegitScript are parties to this action, the Court lacks jurisdiction over them. Plaintiff also fails establish the requirements of a preliminary injunction as to Google LLC. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."). While Plaintiff argues he is likely to suffer irreparable harm and discusses the balance of equities and public interest, he does not demonstrate he is likely to succeed on the merits of his claims against Google. *See* Mot. for Prelim. Inj. Plaintiff argues *Amarin Pharma, Inc. v. U.S. FDA*, 119 F. Supp. 3d 196 (S.D.N.Y. 2015), provides a basis for granting his request for an injunction and damages. Mot. for Prelim. Inj. ¶ 7. To the extent Plaintiff argues *Amarin* shows he is likely to prevail on his First Amendment claim, his reliance is misplaced. In *Amarin*, the FDA was named as a defendant; as a government entity, the FDA was subject to the First Amendment. Plaintiff does not explain why Google, a corporation, would be subject to the First Amendment, particularly under the facts alleged here.

    2.    Plaintiff's Petition for Writ of Mandamus is **DENIED**. "A writ of mandamus is appropriately issued only when (1) the plaintiff's claim is clear and certain; (2) the defendant official's duty to act is ministerial, and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available." *Barron v. Reich*, 13 F.3d 1370, 1374 (9th Cir. 1994) (internal quotation marks omitted). Plaintiff "ask[s] the NIH Director to be compelled by his

2

authority and duty to direct the National Cancer Institute to conduct a massive clinical demonstration of MightyHoney® in cancer patients per the Abid protocol.  And to publish this data for the American public. [] (optional) I should receive a EUREKA prize." Pet. at 2 (emphasis omitted).  Plaintiff fails to make the requisite showing that mandamus is appropriate here, nor does he establish the Court has jurisdiction over the NIH Director, a nonparty.

3. The Report and Recommendation is terminated, as Judge Osteen adopted it in full.

**IT IS SO ORDERED.**

Dated: March 29, 2018

_____
MARIA-ELENA JAMES
United States Magistrate Judge