UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAJAR ABID,<br>      Plaintiff,<br>    v.<br>GOOGLE LLC,<br>      Defendant. | Case No. 18-cv-00981-MEJ<br><br>**ORDER RE: MOTION TO DISMISS**<br>Re: Dkt. No. 46 |

**INTRODUCTION**

Pending before the Court is Defendant Google LLC's Motion to Dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Plaintiff Shajar Abid filed an Opposition (Dkt. No. 55)[1] and Google filed a Reply (Dkt. No. 59). The Court previously found this matter suitable for disposition without oral argument. Dkt. No. 60. Having considered the parties' positions, the relevant legal authority, and the record in this case, the Court **GRANTS** Google's Motion for the following reasons.

**BACKGROUND**

For purposes of this Motion, the Court accepts Plaintiff's factual allegations – as best it can discern them – as true. *See Fields v. Twitter, Inc.*, 881 F.3d 739, 743 (9th Cir. 2018).

**A.  The Complaint**

Plaintiff is an independent researcher, inventor, and entrepreneur. Compl. at 1, Dkt. No. 1. In January 2017, he filed a patent for a "'colloidal suspension for the healing of various cancers.'"

---

[1] Plaintiff filed his Opposition on March 29, 2018, one day after it was due. In the interests of justice, the Court considers Plaintiff's Opposition; however, the Court admonishes Plaintiff that it will not accept late filings in the future.

*Id.* Plaintiff describes this product as "a systems biology empirical approach based on prophetic medicine." *Id.* at 3.

Plaintiff established a website, www.mightyhoney.org, to "find people looking for cancer information and help them with this particular knowledge, which in fact is based on prophetic medicine, or [A]rabic herbal medicine[.]" *Id.* at 1. Plaintiff also "ran ads on [G]oogle with common cancer[-]related words[.]" *Id.* His ad stated "'divine cure for cancer.'" *Id.*

On March 31, 2017, Plaintiff received an email that his site had been suspended because it was against Google's policies regarding pharmaceutical sales. *Id.* Upon contacting Google, Plaintiff received instructions to make "a half a dozen modifications" to his ad, including instructions to remove the phrase "divine cure for cancer," which Plaintiff contends is his "sincerely held religious belief"; the statement that ingredients to his product were "generally recognized as safe"; the phrase "if you have cancer, then . . ."; scientific information; and some medical terminology. *Id.* at 2.

Plaintiff revised his advertisement to state his product was a "natural elixir." *Id.* at 2. Plaintiff sent his advertisement to Google for review. *Id.* Google refused to accept Plaintiff's revised advertisement. *Id.*

On April 6, 2017, Plaintiff initiated this action against Google in the Middle District of North Carolina. *See* Compl. The Complaint appears to assert a claim under 42 U.S.C. § 1983 for violation of Plaintiff's First Amendment rights. *Id.* at 3. It also references Title VII of the Civil Rights Act of 1964 and alludes to an unspecified antitrust violation. *Id.* at 3 ("or even under the spirit of Title VII of the Civil Rights Act of 1964"); *id.* at 4 ("I am sure there are conspicuous collusions here. That should be looked into under the antitrust laws."). Plaintiff seeks $10 billion for violating his First Amendment rights, loss of business, and pain and suffering. *Id.* at 4. Plaintiff also requests "an authorization to be allowed on [G]oogle for when people search for the cure for cancer" and the nullification of an $88 bill demanding payment. *Id.*

**B.     Motion to Supplement Pleadings**

On April 26, 2017, Plaintiff filed a Motion to Supplement Pleadings, which the North

Carolina court granted.[2] Mot. to Suppl. Pleading, Dkt. No. 6; R. & R. at 2-3, 9, Dkt. No. 30.

The Motion to Supplement Pleadings purports to add as a defendant LegitScript LLC, which Plaintiff describes as "a contractual service provider to Google." *Id.* ¶¶ 2-4, 12. Plaintiff alleges that on April 10, 2017, LegitScript "yellow flagged" his MightyHoney website as impermissibly advertising a cure for cancer. *Id.* ¶¶ 2, 4, 8 & Ex. 1 (April 10, 2017 email correspondence from LegitScript identifying "problematic claims").

Plaintiff asserts new allegations that Google's Adwords team agreed to "increase [his] keywords and other technical enhancements" but ultimately deleted Plaintiff's Google Adwords account. *Id.* ¶ 13; *see id.*, Ex. 2. Plaintiff attaches an email communication from Google which he contends is "proof they breached a contract materially and maybe even deceptively." *Id.* ¶ 13 & Ex. 2.

The Motion to Supplement Pleadings also references the FDA. *See id.* ¶ 10 ("There is also a question about the FDA and its copious regulations."); *id.* ¶ 14 ("The FDA by onerous, unjust and potentially corrupt regulations, violated my constitutional rights of free speech for which I am entitled to bring a constitutional question . . . ."). It does not appear the FDA is named as a defendant.

Plaintiff continues to allege Google violated Plaintiff's First Amendment rights. *Id.* ¶ 16. The Motion to Supplement Pleadings also appears to add (1) a Sherman Act claim, (2) a Clayton Act claim, and (3) a breach of contract claim based on the cancellation of his Adwords account. *Id.* ¶¶ 12-13 & B-C. The Motion to Supplement Pleadings seeks declaratory and injunctive relief and an "order[] so the FDA can't come after me later." *Id.* ¶¶ A-B, E.

Plaintiff does not identify which claims, if any, are asserted against the FDA. In addition, the Court ordered Plaintiff to show cause why LegitScript should not be dismissed as a defendant in light of Plaintiff's failure to timely serve it pursuant to Rule 4(m). OSC, Dkt. No. 54. Plaintiff

---

[2] "As a general rule, when a plaintiff files an amended complaint, the amended complaint supersedes the original, the latter being treated thereafter as non-existent." *Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010). However, the North Carolina court granted Plaintiff's Motion to Supplement Pleadings and did not require Plaintiff to file an amended Complaint. As such, the Court will consider the Complaint and the Motion to Supplement Pleadings in this instance.

explains that "LegitScript LLC is not listed as a defendant because Google LLC was responsible and had the human decision making ability." OSC Resp. at 1, Dkt. No. 61. Plaintiff's response confirms that LegitScript is not a defendant.

**C.     Transfer**

On February 13, 2018, the North Carolina court granted Google's motion to transfer the case to this Court. Judgment, Dkt. No. 38; *see* R. & R. (recommending transfer to the Northern District of California). Google thereafter filed the instant Motion.

### LEGAL STANDARD

Rule 8(a) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must therefore provide a defendant with "fair notice" of the claims against it and the grounds for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations and citation omitted).

A court may dismiss a complaint under Rule 12(b)(6) when it does not contain enough facts to state a claim to relief that is plausible on its face. *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citations and parentheticals omitted).

In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *Id.* at 550; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007). In addition, courts may consider documents attached to the complaint. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) (citation omitted).

4

If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks and citations omitted). However, the Court may deny leave to amend for a number of reasons, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## OBJECTIONS

Google objects to new allegations Plaintiff asserts in his Opposition for the first time. Reply ¶ 2. The Court SUSTAINS Google's objection and does not consider facts or potential claims which Plaintiff does not allege in his Complaint or Motion to Supplement Pleadings. This includes Plaintiff's assertion that Google "stole" $350 from him. *See* Abid Decl. at 2, Dkt. No. 56.

## DISCUSSION

### A.  42 U.S.C. § 1983

Section 1983 provides a remedy for constitutional tort violations committed by state and local government officials. It provides, in relevant part, that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects . . . any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983. To prevail on a § 1983 claim, "a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1164 (9th Cir. 2005) (internal quotation marks and brackets omitted).

Plaintiff fails to state a § 1983 claim against Google. Plaintiff does not allege any facts suggesting Google is a government actor or was acting on behalf of the state. *DeGrassi v. City of*

5

*Glendora*, 207 F.3d 636, 647 (9th Cir. 2000) ("Under § 1983, a claim may lie against a private party who is a willful participant in joint action with the State or its agents. Private persons, jointly engaged with state officials in the challenged action, are acting 'under color' of law for purposes of § 1983 actions." (internal quotation marks omitted)). Moreover, Plaintiff's Opposition appears to suggest that Google is not the proper defendant and that his claims in fact are against nonparty government entities. Opp'n at 3 ("My section 1983 claim should be applied against the US government, due to the gross negligence of both the FDA and the NIH[;] more than 1 year of work has gone into regulation for my small start-up only for FDA to trample my constitutional rights and NIH my civil rights."). Accordingly, the Court DISMISSES Plaintiff's § 1983 claim. As Plaintiff argues the FDA and NIH violated his rights, not Google, the dismissal shall be WITHOUT LEAVE TO AMEND.

**B.  Sherman Act Claim**

Section 1 of the Sherman Act prohibits "[e]very contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce[.]" 15 U.S.C. § 1. "To state a claim under Section 1, a plaintiff must allege facts that, if true, will prove: (1) the existence of a conspiracy, (2) intention on the part of the co-conspirators to restrain trade, and (3) actual injury to competition." *Coalition For ICANN Transparency, Inc. v. VeriSign, Inc.*, 611 F.3d 495, 501-02 (9th Cir. 2010). "It is not enough merely to include conclusory allegations that certain actions were the result of a conspiracy; the plaintiff must allege facts that make the conclusion plausible." *Name.Space, Inc. v. Internet Corp. for Assigned Names & Numbers*, 795 F.3d 1124, 1129 (9th Cir. 2015).

Plaintiff does not allege facts showing Google had a contract or agreement with LegitScript or any another entity that was intended to harm or unreasonably restrain competition. At most, Plaintiff alleges LegitScript was Google's service provider. Mot. to Suppl. Pleadings ¶¶ 2, 12. But there are no facts showing Google sought to unreasonably restrain trade, let alone succeeded in doing so. Plaintiff argues "Google has been found guilty by the EU for antitrust crimes in 2017[.]" Opp'n at 3; *see* Abid Decl. at 3 ("I have attached proof Google has done antitrustful things recently and has been punished by the EU."). Assuming, arguendo, the European

6

1 Union had found Google violated European antitrust laws, Plaintiff does not show how that

2 finding also means Google violated the Sherman Act based on the facts he alleges in his

3 Complaint and Motion to Supplement Pleadings. The Court therefore DISMISSES this claim.

### C. Breach of Contract

To state a breach of contract claim under North Carolina law, a plaintiff must show "(1) existence of a valid contract and (2) breach of the terms of that contract."[3] *Bigelow v. Sassafras Grove Baptist Church*, 786 S.E.2d 358, 362 (N.C. Ct. App. 2016).

Plaintiff attaches to his Motion to Supplement Pleadings email correspondence between "adwards-support@google.com" and "Shaq."[4] *Id.*, Ex. 2. The email contains an "authorization form to allow [Google Adwords] to build a new campaign for you called 'Google Build'" and asks Plaintiff to "respond with 'YES, I AGREE' to begin the process." *Id.* at ECF p.1. Plaintiff responded "agree." *Id.* at ECF p.2.

To the extent this constitutes a valid contract, Plaintiff nevertheless fails to allege facts showing Google breached that agreement. Google Adword's policies prohibit "the promotion of . . . [n]on-government approved products that are marketed in a way that implies that they're safe or effective for use in preventing, curing, or treating a particular disease or ailment[.]"[5] Mot., Ex. 1 at ECF pp.18-19 (Advertising Policies).

Plaintiff does not assert facts indicating he has received government approval for

---

[3] For purposes of this Motion, the Court assumes Plaintiff asserts his breach of contract and deceptive practices (*see infra*) claims under North Carolina law, as Plaintiff initiated his action in North Carolina. Plaintiff argues Google "made a gross omission of the pleas under the California Code." Opp'n at 3. However, nothing in the record shows Plaintiff sought to assert a breach of contract claim under California law while the action was pending in the North Carolina court. When the case was transferred, Plaintiff did not seek to amend his Complaint to assert his claims under California law. It was therefore reasonable for Google to proceed as if Plaintiff brought his breach of contract claim under North Carolina law.

[4] It is unclear whether "Shaq" and Plaintiff are the same person.

[5] In ruling on a Rule 12(b)(6) motion to dismiss, "[a] court may . . . consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). The email Plaintiff attaches to his Motion to Supplement Pleadings refers to Google Adwords policies. Mot. to Suppl. Pleadings, Ex. 2 at ECF p.2 ("I acknowledge that I am responsible for . . . complying with AdWords policies. . . ."). The Court may therefore consider the Adwords policies.

1  MightyHoney. On the contrary, it appears Plaintiff has not yet done so. *See* Mot. to Suppl.

2  Pleadings ¶ 11 ("I am ready to submit a petition to make the 'health claims' on my label[.]").

3  Google therefore had no obligation to host Plaintiff's advertisements on its platform. As Plaintiff

4  fails to allege facts showing breach, the Court DISMISSES this claim.

**D.     Deceptive Trade Practice**

To state a claim under North Carolina's Unfair and Deceptive Trade Practice Act ("UDTPA"), N.C.G.S. § 75-1.1, "a plaintiff must show: (1) defendant committed an unfair or deceptive act or practice, (2) the action in question was in or affecting commerce, and (3) the act proximately caused injury to the plaintiff." *Dalton v. Camp*, 353 N.C. 647, 656 (2001). As is relevant here, "[a]cts are deceptive when they possess the tendency or capacity to mislead, or create the likelihood of deception." *Belk, Inc. v. Meyer Corp., U.S.*, 679 F.3d 146, 164 (4th Cir. 2012), *as amended* (May 9, 2012) (applying North Carolina law) (internal quotation marks, emphasis, and brackets omitted).

Though not abundantly clear, it appears Plaintiff alleges a deceptive trade practice claim against Google. *See* Mot. to Suppl. Pleading ¶ 13 ("I also have proof they breached a contract materially and maybe even deceptively."). To the extent Plaintiff attempts to do so, he fails to allege facts to support such a claim. "[O]nly practices involving some type of egregious or aggravating circumstances are sufficient to violate the UDTPA." *Belk*, 679 F.3d at 164 (citation omitted). Plaintiff does not identify any egregious or aggravating circumstances to support a UDTPA violation.

"[A]ctions for unfair or deceptive trade practices are distinct from actions for breach of contract . . . [;] a mere breach of contract, even if intentional, is not sufficiently unfair or deceptive to sustain an action under" the UDTPA. *Hardin v. York Mem'l Park*, 730 S.E.2d 768, 777 (2012) (internal quotation marks omitted). Without more, Plaintiff's UDTPA claim cannot be predicated on the alleged breach of contract; Plaintiff does not explain why Google's refusal to host his MightyHoney ad where that ad was in violation of Google's policies constitutes "egregious or aggravating circumstances." Because Plaintiff's Opposition does not respond to Google's arguments regarding this claim, Plaintiff concedes this issue. *See Ramirez v. Ghilotti Bros. Inc.*,

8

941 F. Supp. 2d 1197, 1210 & n.7 (N.D. Cal. 2013) (collecting cases holding failure to address, in opposition brief, arguments raised in motion to dismiss constitutes waiver or abandonment of issue). The Court therefore DISMISSES this claim.

## CONCLUSION

For the foregoing reasons, the Court finds Plaintiff fails to state any claims against Google and GRANTS the Motion to Dismiss. However, "leave to amend should be granted if it appears at all possible that the plaintiff can correct the defect[.]" *Harris v. Mangum*, 863 F.3d 1133, 1142 (9th Cir. 2017) (brackets omitted; internal quotation marks omitted). The Ninth Circuit has emphasized that "opportunities to amend are particularly important for the pro se litigant." *Id.* (internal quotation marks omitted). Given Plaintiff's pro se status and as it is not clear at this point that Plaintiff cannot allege the requisite facts, the Court GRANTS Plaintiff LEAVE TO AMEND his Complaint to allege facts in support of the Sherman Act, breach of contract, and/or deceptive practices claims. Plaintiff may not amend his § 1983 claim against Google, as that dismissal is WITHOUT LEAVE TO AMEND. Plaintiff shall file his amended complaint no later than May 4, 2018. <u>Plaintiff is warned that failure to file an amended complaint by this deadline shall result in the dismissal of this case with prejudice.</u> The Court will dismiss LegitScript in a separate order.

If Plaintiff files an amended complaint, it must comply with the guidelines set forth in Rule 8(a). This rule requires that a complaint for relief include (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought. A pleading may not simply allege a wrong has been committed and demand relief; it must state the elements of the claim plainly and succinctly. Plaintiff must allege with at least some degree of particularity the facts in which the defendant(s) engaged to support the claim. *Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).

In addition, the Court cannot refer to a prior pleading in order to make Plaintiff's amended complaint complete. *See Rhodes*, 621 F.3d at 1005; Civ. L.R. 10-1 ("Any . . . amended pleading must reproduce the entire proposed pleading and may not incorporate any part of a prior pleading by reference."). Once Plaintiff files an amended complaint, neither his original Complaint nor

Motion to Supplement Pleading serves any function in the case.  Therefore, Plaintiff must sufficiently allege each claim and the involvement of each defendant in his amended complaint.

Finally, as Plaintiff is proceeding pro se, he may seek assistance from the Legal Help Center, a free service offered by the Justice & Diversity Center of the Bar Association of San Francisco, by calling 415-782-8982, or by signing up for an appointment on the 15th Floor of the Federal Courthouse, 450 Golden Gate Avenue, San Francisco, California.  There is also a Legal Help Center on the 4th Floor, Room 470S, of the United States Courthouse, 1301 Clay Street, Oakland.  At the Legal Help Center, you will be able to speak with an attorney who may be able to provide basic legal help but not representation.  More information is available at http://cand.uscourts.gov/helpcentersf.

**IT IS SO ORDERED.**

Dated: April 13, 2018

_____
MARIA-ELENA JAMES
United States Magistrate Judge