Sarah N. Quiter (SBN 251546)
squiter@HuntonAK.com
**HUNTON ANDREWS KURTH LLP**
50 California Street
Suite 1700
San Francisco, CA  94111
Telephone: (415) 975-3719
Facsimile: (415) 975-3701

Wendy C. McGraw (*Admitted Pro Hac Vice*)
wmcgraw@HuntonAK.com
**HUNTON ANDREWS KURTH LLP**
500 East Main Street, Suite 1000
Norfolk, VA 23510
Telephone:  (757) 640-5300
Facsimile:  (757) 625-7720

Attorneys for Defendant
Google LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| SHAJAR ABID,<br><br>    Plaintiff,<br><br>    v.<br><br>GOOGLE LLC,<br><br>    Defendant. | CASE NO. 18-CV-00981-MEJ<br><br>**DEFENDANT GOOGLE LLC'S:**<br><br>**(1)  NOTICE OF MOTION AND MOTION TO DISMISS; AND**<br><br>**(2)  MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>*[Proposed] Order filed concurrently herewith]*<br><br>Date:         June 14, 2018<br>Time:         10:00 a.m.<br>Courtroom:  Courtroom B - 15th Floor<br>Judge:        Hon. Maria-Elena James |

**TO THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT**, on June 14, 2018 at 10:00 a.m., or as soon thereafter as this matter may be heard before the Honorable Maria-Elena James, in Courtroom B – 15th Floor of the United States District Court of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Google LLC ("Google") will and hereby does move this Court for an order dismissing Plaintiff's Amended Complaint (ECF No. 66) in its entirety with prejudice.

This Motion to Dismiss is made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP") in response to the filing of Plaintiff's Amended Complaint:

The Complaint must be dismissed with prejudice pursuant to FRCP 12(b)(6) because Plaintiff has failed to state a claim upon which relief may be granted.

This Motion is made based upon this Notice of Motion and Motion to Dismiss, the accompanying Memorandum of Points and Authorities, the pleadings and papers on file, and upon such oral argument as may be made at the hearing.

DATED:  May 9, 2018					**HUNTON ANDREWS KURTH LLP**

By:       /s/ Sarah N. Quiter
     Sarah N. Quiter
     Wendy C. McGraw
     Attorneys for Defendant
     Google LLC

Hunton Andrews Kurth LLP
50 California Street, Suite 1700
San Francisco, CA  94111

# DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES
# IN SUPPORT OF MOTION TO DISMISS

## I. STATEMENT OF ISSUES TO BE DECIDED

Should the Court dismiss Plaintiff's Amended Complaint pursuant to FRCP 12(b)(6) for failure to state a claim, where (1) Plaintiff has failed to allege sufficient facts to support his claims; (2) The Court has already dismissed the majority of the claims based on the prior pleading, and Plaintiff has not cured the previous defects; and (3) Plaintiff continues to assert claims against Google which are based on Google's lawful decision to prohibit Plaintiff from advertising in a manner that violates Google's policies and federal law?

## II. INTRODUCTION

Plaintiff Shajar Abid ("Abid" or "Plaintiff) has filed a six count Amended Complaint against Google, which purports to allege claims for (1) Breach of Contract and Non Performance; (2) Illegal Restraint of Trade; (3) Monopolization Abuse; (4) Unfair and Deceptive Trade Practices (North Carolina law); (5) Fraud; and (6) Conspiracy (California law) (ECF No. 66).

Plaintiff's claims arise out of his efforts to advertise his "MightyHoney" product as a "divine cure for cancer." Plaintiff's advertisements violate Google's policies and federal law. Plaintiff has not – and cannot – allege any cognizable claim against Google based on Google's termination of his illegal advertisements.

The only new facts that Plaintiff alleges in his Amended Complaint relate to his claim for fraud. However, the facts alleged are insufficient to state a claim, particularly under the heightened pleading requirements of FRCP 9(b).

For these reasons, and as discussed more fully below, Google requests that the Court dismiss Plaintiff's Amended Complaint. Furthermore, Google has incurred substantial fees in responding to Plaintiff's claims, Plaintiff has had multiple bites at the apple, and Google requests that the Court dismiss the Amended Complaint with prejudice.

## III. STATEMENT OF RELEVANT FACTS

This case arises out of Plaintiff's efforts to advertise his "MightHoney" product as a "divine cure for cancer." According to Plaintiff, Google "banned" the advertisement as a violation of Google's policies. *See* Amended Complaint at 9 (ECF No. 66) ("Google banned my ad, as their current pretense is 'unapproved by the government'"); *Id.* at 3 (referring to Google "banning" Plaintiff's "divine cure for cancer" advertisement); *Id.* at 4 (stating that "Google banned my ad"); *Id.* at 7 (Google "cancelled and banned my site due to 'policy'").

Google's Adwords policies, previously recognized by this Court, prohibit advertisers from making misrepresentations, including "misleading content." Misleading content is defined to include "claims that entice a user with an improbable result" such as a "miracle cure" for disease. Google's policies also prohibit the following content: "Non-government approved products that are marketed in a way that implies that they're safe or effective for use in preventing, curing, or treating a particular disease or ailment." Order at 7 (ECF No. 62); *see also* ECF No. 46 at 12-24.

Plaintiff alleges that he entered into a contract with Google for Google to run his "adwords campaign" for twenty-one days. He contends that Google breached the contract by terminating the account for violation of Google's policies. He seeks damages for the harm "caused by banning" his "divine cure for cancer" advertisement. Amended Complaint at 2-3 (ECF No. 66).

Plaintiff also alleges that Google's termination of his account violates anti-trust laws (illegal restraint of trade and monopolization), violates the North Carolina Unfair and Deceptive Trade Practices Act, constitutes fraud, and is a conspiracy in violation of California Bus. & Prof. Code §16750(a). *See generally* Amended Complaint.

Plaintiff's Amended Complaint attaches a letter issued to him by the United States Food and Drug Administration, advising him that the claims made on his mightyhoney.org website violate the Federal Food, Drug, and Cosmetic Act. *See* Amended Complaint at Exhibit 7 (ECF No. 66-7).

Plaintiff's prior complaint raised many of these same claims (breach of contract, illegal restraint of trade, unfair and deceptive trade practices). The only new facts alleged in Plaintiff's

Hunton Andrews Kurth LLP
50 California Street, Suite 1700
San Francisco, CA 94111

Amended Complaint concern his claim for fraud.

Plaintiff alleges that Google banned his site on April 4, 2017, but then billed him for $350.00 in December 2017. Amended Complaint at 7. He alleges that when he "inquired into this . . . [he] was given no concrete answer." *Id.* He alleges that he was charged for several calls generated by one of his advertisements. However, he disputes that he received these calls. *Id.* He has alleged that Google engaged in fraud by providing him with this "fake phone call data." *Id.* The documents he submitted with his Amended Complaint indicate his credit card company reversed the charges. *See* ECF No. 66-4 at 11.

## IV.  LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint is subject to dismissal if it fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Caraccioli v. Facebook, Inc.*, 167 F. Supp. 3d 1056, 1061 (N.D. Cal. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The allegations in the complaint must be sufficient "to raise a right to relief above the speculative level" so that the claim "is plausible on its face." *Id.* (citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Steshenko v. Albee*, 42 F. Supp. 3d 1281, 1285 (N.D. Cal. 2014) (quoting *Twombly*, 550 U.S. at 570).

When considering a Rule 12(b)(6) motion, the court "must generally accept as true all 'well-pleaded factual allegations,'" and the facts must be construed "in the light most favorable to the plaintiff." *Caraccioli*, 167 F. Supp. 3d at 1061 (citations omitted). However, "courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Moreover, "a plaintiff may plead herself out of court" by alleging "facts which establish that [s]he cannot prevail on h[er] . . . claim." *Steshenko*, 42 F. Supp. 3d at 1286 (citations omitted).

In a case such as this, where the plaintiff is proceeding *pro se*, the court must construe the complaint liberally. *Caraccioli*, 167 F. Supp. 3d at 1061. The court must draw "every reasonable or warranted factual inference in the plaintiff's favor." *Id*. at 1061-62. However, the court "need not give a plaintiff the benefit of every conceivable doubt." *Id*.

## V. ARGUMENT

Plaintiff's Amended Complaint against Google should be dismissed pursuant to FRCP 12(b)(6) because Plaintiff has failed to state a claim upon which relief may be granted. Each Count of the Amended Complaint is discussed below.

### A. The Amended Complaint Fails to State a Claim Against Google for Breach of Contract (Count I)

Plaintiff alleges that he entered into a contract with Google on April 4, 2017 to run his Adwords campaign for 21 days, and that Google breached the contract when it terminated his account for violation of Google's policies. Amended Complaint at 3. This is the exact same claim that Plaintiff made in his prior pleading, and which the Court has already dismissed.

In granting Google's prior Motion to Dismiss, the Court considered the "contract" and Google's policies and held:

> To the extent this constitutes a valid contract, Plaintiff nevertheless fails to allege facts showing Google breached that agreement. Google Adword's policies prohibit "the promotion of .. . [n]on-government approved products that are marketed in a way that implies that they're safe or effective for use in preventing, curing, or treating a particular disease or ailment[.]" Mot., Ex. 1 at ECF pp.18-19 (Advertising Policies).
>
> Plaintiff does not assert facts indicating he has received government approval for MightyHoney. On the contrary, it appears Plaintiff has not yet done so. See Mot. to Suppl. Pleadings ¶ 11 ("I am ready to submit a petition to make the 'health claims' on my label[.]" ). Google therefore had no obligation to host Plaintiff's advertisements on its platform. As Plaintiff fails to allege facts showing breach, the Court DISMISSES this claim.

Order at 7-8 (ECF No. 62).

Plaintiff has not — and cannot — cure the deficiencies in his pleadings. In fact, Plaintiff has now submitted a letter from the FDA stating that Plaintiff's health and disease claims related to

Hunton Andrews Kurth LLP
50 California Street, Suite 1700
San Francisco, CA  94111

"MightyHoney" violate federal law. *See* ECF No. 66-7. Accordingly, the Court should dismiss Plaintiff's breach of contract claim (Count I) with prejudice.

### B. The Amended Complaint Fails to State Any Antitrust Or Conspiracy Claim (Counts II, III, and VI).

Plaintiff's Amended Complaint again attempts to assert a claim for illegal restraint of trade under the Sherman Act. Plaintiff also attempts to assert a claim for "monopolization abuse" and conspiracy under the California Bus. & Prof. Code §16750(a). Each of these claims fail.

#### 1. Sherman Act – Unlawful Restraint of Trade

The elements of a claim under Section 1 of the Sherman Act are: (1) a "contract, combination or conspiracy among two or more persons or distinct business entities"; (2) which is intended to restrain or harm trade; (3) "which actually injures competition"; and (4) harm to the plaintiff from the anticompetitive conduct. *Brantley v. NBC Universal, Inc.*, 675 F.3d 1192, 1197 (9th Cir. 2012) (internal quotation marks omitted).

The existence of an anticompetitive agreement is critical to a claim under Section 1 of the Sherman Act. Moreover, the Court cannot infer such an agreement where the allegations of the complaint "just as easily suggest rational, legal business behavior." *Name.Space, Inc. v. Internet Corp. for Assigned Names and Numbers*, 795 F.3d 1124, 1130 (9th Cir. 2015) (citations omitted).

Plaintiff's Amended Complaint fails to allege any basis for a claim against Google for an unlawful restraint of trade. At best, Plaintiff alleges that Google entered into a contract with LegitScript to assist it in identifying advertisements that violate Google's policies and federal law. This is not an agreement to unlawfully restrain trade. Indeed, the Court previously dismissed Plaintiff's Section 1 Sherman Act claim on the same set of facts. *See* Order at 6-7 (ECF No. 62). Plaintiff's claim under Section 1 of the Sherman Act (Count II) should be dismissed with prejudice.

#### 2. Sherman Act - Monopolization

Section 2 of the Sherman Act governs a claim for monopolization. "There are three essential elements to a successful claim of Section 2 monopolization: (a) the possession of monopoly power in the relevant market; (b) the willful acquisition or maintenance of that power; and (c) causal

5

antitrust injury." *Name.Space, Inc.*, 795 F.3d at 1131.

Here, Plaintiff fails to allege any of the necessary elements to state a claim. Indeed, it is unclear exactly what Plaintiff is attempting to allege. Plaintiff's Amended Complaint states that "Google adwords maintains a monopoly in search" and that "Google profited and maintained its monopoly on online advertising for e-pharmacies." Amended Complaint at 5. Yet, elsewhere in the Amended Complaint, Plaintiff acknowledges other advertising platforms, such as "Bing Ads and Facebook." Amended Complaint at 4.

Plaintiff simply has not alleged any factual basis to support a claim under Section 2 of the Sherman Act, and his monopolization claim (Count III) should be dismissed with prejudice.

### 3. Cal. Bus. & Prof. Code §16750(a)

The Cartwright Act, Cal. Bus. And Prof. Code §16700 et seq., "generally outlaws any combinations or agreements which restrain trade or competition or which fix or control prices.'" *Ashai Kasei Pharma Corp. v. CoTherix, Inc.*, 204 Cal. App. 4th 1, 7 (2012) (citations omitted). Similar to the Sherman Act, the Cartwright Act "prohibits conspiracies that unreasonably restrain trade." *SC Manufactured Homes, Inc. v. Liebert*, 162 Cal. App. 4th 68, 84 (2008). To state a claim under the Cartwright Act, a plaintiff must plead: "1) the formation and operation of the conspiracy; (2) illegal acts done pursuant thereto; and (3) damage proximately caused by such acts." *Ashai*, 204 Cal. App. 4th at 8.

Once again, Plaintiff fails to plead any factual basis for the claim he alleges. The documents that Plaintiff has attached to his Amended Complaint demonstrate that Plaintiff's proposed advertisements violate the Federal Food, Drug, and Cosmetic Act. *See* Amended Complaint at Exhibit 7 (ECF No. 66-7). There is nothing illegal about Google refusing to run an advertisement that violates is published policies and federal law. That LegitScript allegedly assists Google in identifying such violations does not give rise to an illegal conspiracy. Plaintiff's claim under the Cartwright Act (Count VI) should be dismissed with prejudice.

6
DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO. 18-cv-00981-MEJ

### C. The Amended Complaint Fails To State A Claim For Violation of the North Carolina Unfair and Deceptive Trade Practices Act (Counts IV).

In order to establish a prima facie claim for unfair trade practices under North Carolina law, a plaintiff must show, *inter alia*, that the "defendant committed an unfair or deceptive act or practice," which is a question of law for the court. *Dalton v. Camp*, 548 S.E.2d 704, 711 (2001). It is not sufficient for the plaintiff to allege a breach of contract: "a mere breach of contract, even if intentional, is not sufficiently unfair or deceptive to sustain an action" under the statute. *Hardin v. York Mem'l Park*, 730 S.E.2d 768, 777 (2012). Rather, "[t]o recover for unfair and deceptive trade practices, a party must show substantial aggravating circumstances attending the breach of contract." *Id.*

Here, as discussed above, Google's refusal to permit Plaintiff to advertise MightyHoney as a cure for cancer was not a breach of contract. But even assuming, arguendo, that Google's actions somehow amounted to a breach, Plaintiff's pleadings lack any allegations of aggravating conduct by Google. The Court previously dismissed this identical claim, and held: "Plaintiff's UDTPA claim cannot be predicated on the alleged breach of contract; Plaintiff does not explain why Google's refusal to host his MightyHoney ad where that ad was in violation of Google's policies constitutes 'egregious or aggravating circumstances.'" Order at 8 (ECF No. 62). Plaintiff has not cured — and cannot cure — this defect in his pleading. The Court should dismiss Plaintiff's claim for violation of the North Carolina statute (Count IV) with prejudice.

### D. The Amended Complaint Fails To State A Claim For Fraud (Count V).

The elements of a claim for fraud are: " (1) a misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage. " *Falk v. General Motors Corp.*, 496 F. Supp.2d 1088, 1099 (N.D. Cal. 2007) (citations omitted).

A claim for fraud is subject to the heightened pleading requirements of FRCP 9(b). Thus, to survive a motion to dismiss, the complaint must include allegations of "particular facts going to the

Hunton Andrews Kurth LLP
50 California Street, Suite 1700
San Francisco, CA 94111

circumstances of the fraud, including time, place, persons, statements made and an explanation of how or why such statements are false or misleading." *Id.* at 1093.

Plaintiff's Complaint alleges two potential basis for his fraud claim.  First, he alleges that Google engaged in fraud when it contracted to run his advertisements for twenty-one days, and then terminated his account.  However, Plaintiff does not allege any facts to suggest Google entered into the alleged contract with a present intent not to perform.  *Netbula, LLC v. BindView Dev. Corp.*, 516 F. Supp. 2d 1137, 1157 (N.D. Cal. 2007) (fraud claim based on promise of future performance requires plaintiff to plead and prove that the defendant made the promise with the present intent not perform).  Google's alleged breach of contract cannot form the basis of a fraud claim.

Second, Plaintiff makes a series of confusing allegations about a $350.00 charge to his credit card in December 2017.  As with the rest of Plaintiff's allegations, it is difficult to determine what exactly he is alleging.

Plaintiff alleges that the "phone call data" that Google provided is "fraudulent, a lie, bamboozle, a scheme."  Amended Complaint at 7.  Even assuming some mistake in the data, Plaintiff does not offer any facts — let alone facts that would satisfy FRCP 9(b) — to indicate Google knew the information was erroneous or that Google intended to deceive Plaintiff in any way.  Plaintiff has also failed to allege any damages associated with this fraud claim.  The documents he has submitted with his Amended Complaint indicate that he disputed the $350 charge with his credit card company and received a credit.  *See* ECF No. 66-4 at 11.  Thus, Plaintiff has failed to state a claim for fraud (Count V), and that claim should be dismissed with prejudice.

## VI. <u>CONCLUSION</u>

For the foregoing reasons, Google requests that the Court grant its Motion to Dismiss and dismiss all claims asserted against it in the Amended Complaint with prejudice.

//

//

//

Hunton Andrews Kurth LLP
50 California Street, Suite 1700
San Francisco, CA  94111

| | |
|---|---|
| DATED:  May 9, 2018 | **HUNTON ANDREWS KURTH LLP** |
| | By:  /s/ Sarah N. Quiter |
| | Sarah N. Quiter |
| | Wendy C. McGraw |
| | Attorneys for Defendant |
| | Google LLC |

9

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO. 18-cv-00981-MEJ