UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAJAR ABID,<br>　　　　Plaintiff,<br>　　v.<br>GOOGLE LLC,<br>　　　　Defendant. | Case No. 18-cv-00981-MEJ<br>**ORDER RE: MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br>Re: Dkt. No. 75 |

# INTRODUCTION

Plaintiff Shajar Abid's claims against Google, which are now in their third iteration, arise out of his efforts to advertise his "MightyHoney" product as a "divine cure for cancer" on Google's Adwords platform. Pending before the Court is Defendant Google LLC's Motion to Dismiss Abid's Second Amended Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Dkt. No. 75. Plaintiff failed to file an opposition. Pursuant to Rule 78(b) and Civil Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument and VACATES the August 16, 2018 hearing. Having considered the parties' positions, the relevant legal authority, and the record in this case, the Court **GRANTS** Google's Motion for the following reasons.

# BACKGROUND

## A. Second Amended Complaint

For purposes of this Motion, the Court accepts Plaintiff's factual allegations – as best it can discern them – as true. *See Fields v. Twitter, Inc.*, 881 F.3d 739, 743 (9th Cir. 2018).

Plaintiff created a new product called MightyHoney, which is a honey infusion w/ spice and herb. Sec. Am. Compl. ("SAC") at 2, Dkt. No. 75. He also "independently developed a new protocol to treat cancer, he named the 'Alchemist's protocol.'" *Id.* Plaintiff also designed and developed a website and app "to cure cancer." *Id.* at 3. Sometime in March 2017, Plaintiff

attempted to advertise his MightHoney product as a "Divine Cure for cancer – based on Ancient wisdom and modern r&d" through Google's Adwords platform. *Id.* at 3. Plaintiff alleges he entered into a contract with Google on April 4, 2017 for Google to run his "adwords campaign" for 21 days at $10 per day, for a total cost of $210. *Id.* at 4. During the short duration Plaintiff's advertisement ran, traffic to his website increased, and he was able to find a few people who were affected by cancer either personally or their family members. *Id.* at 3. After some negotiation, Plaintiff decided to offer a free sample to his first client, a resident of Ohio, and personally drove to Akron and dropped off a couple jars of MightyHoney, with the understanding that the outcome would be shared. *Id.*

Subsequently, according to correspondence Plaintiff attached to his SAC, on April 10, 2017, LegitScript[1] Products identified multiple violations contained in Plaintiff's MightyHoney website, including making impermissible disease claims such as his "divine cure for cancer claim."[2] *See* SAC, Ex. 2, Dkt. No. 75-2; *see also* SAC at 4-5. As the Court previously recognized, Google's Adwords policies prohibit advertisers from making misrepresentations, including "misleading content." Misleading content is defined to include "claims that entice a user with an improbable result" such as a "miracle cure" for disease. Google's policies also prohibit the following content: "Non-government approved products that are marketed in a way that implies that they're safe or effective for use in preventing, curing, or treating a particular disease or ailment." Order re: Motion to Dismiss ("MTD Order") at 7, Dkt. No. 62. As a result, Plaintiff changed the headline to "Arabic herbal boutique." SAC at 4. Plaintiff contends Google's "censorship" of his website and refusal to run his advertisement constitutes fraud, an illegal restraint of trade, and a monopoly. *Id.* at 4, 8-11. Plaintiff also alleges that despite banning his advertisement, Google continued to run some portion of the advertisement and billed his credit

---

[1] According to Google, LegitScript works with Google to flag advertisements that do not comply with FDA regulations. Mot. at 5.

[2] In evaluating a Rule 12(b)(6) motion, a court may consider only the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters of which the court may take judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("A court may . . . consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment.").

1  card for $350.00 in December 2017 for calls he received as a result of the ad, despite the fact that he never received any calls. *Id.* at 4, 7.

Plaintiff alleges four claims: (1) "Promissory Fraud, Cal. Civ. Code § 1572; (2) Unreasonable Restraint of Trade, Cal. Bus. & Prof. Code § 16570; (3) Conspiracy, 15 U.S.C. § 2; and (4) Actionable Decit, Cal. Civ. Code §§ 1709(1) and/or 1572(4)."[3]  SAC at 8-10.

**B.     Procedural History**

The Court's April 13, 2018 Order re: Motion to Dismiss sets forth a detailed procedural history of the action. As is relevant here, the Court found Plaintiff's initial Complaint failed to state claims under 42 U.S.C. § 1983 and the Sherman Act. *Id.* at 5-7; *see* Compl., Dkt. No. 1; Mot. to Suppl. Pleadings, Dkt. No. 6. The Court also found the Complaint did not state claims for breach of contract and deceptive trade practices under North Carolina law. MTD Order at 7-9. The Court dismissed Plaintiff's § 1983 claim without leave to amend, but granted him leave to amend his Sherman Act, breach of contract, and deceptive practices claims. *Id.* at 9.

On April 25, 2018, Plaintiff filed a First Amended Complaint ("FAC"), alleging six claims: (1) breach of contract and non-performance; (2) illegal restraint of trade in violation of the Sherman Act; (3) monopolization in violation of the Sherman Act; (4) unfair and deceptive trade practice under North Carolina law; (5) fraud; and (6) conspiracy under California law. Dkt. No. 66. Google again moved for dismissal. Dkt. No. 71. In its second Order re: Motion to Dismiss ("Second MTD Order"), issued on June 4, 2018, the Court dismissed Plaintiff's breach of contract, restraint of trade under the Sherman Act, and unfair and deceptive trade practice under North Carolina law claims without leave to amend, finding no allegations supported such claims, despite previous opportunities to amend, and that nothing in his FAC or opposition suggested Plaintiff possesses additional facts to support a breach of contract claim. Second MTD Order at 4-6, 8-9, Dkt. No. 74. The Court dismissed Plaintiff's remaining claims with leave to amend, finding that even though he failed to allege any facts in support of his claim, finding he had not previously alleged such claims and therefore had not had a prior opportunity to amend. *Id.* at 6-7, 9-12.

---

[3] All citations for Plaintiff's claims are taken directly from the headings in his SAC.

3

Plaintiff filed his Second Amended Complaint on June 19, 2018.

**LEGAL STANDARD**

Rule 8(a) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must therefore provide a defendant with "fair notice" of the claims against it and the grounds for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations and citation omitted).

A court may dismiss a complaint under Rule 12(b)(6) when it does not contain enough facts to state a claim to relief that is plausible on its face. *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citations and parentheticals omitted).

In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *Id.* at 550; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007). In addition, courts may consider documents attached to the complaint. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) (citation omitted).

If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotations and citations omitted). However, the Court may deny leave to amend for a number of reasons, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice

1    to the opposing party by virtue of allowance of the amendment, [and] futility of amendment."
2    *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *Foman v.*
3    *Davis*, 371 U.S. 178, 182 (1962)).

**DISCUSSION**

Plaintiff's failure to oppose Google's motion constitutes a concession that his SAC should be dismissed. *See Giroux v. Essex Prop. Tr., Inc.*, 2016 WL 5394088, at *1 (N.D. Cal. Sept. 27, 2016) (interpreting plaintiff's failure to oppose motion to dismiss as concession that complaint should be dismissed) (collecting cases). But given Plaintiff's pro se status, the Court nevertheless considers whether he sufficiently states a claim.

**A.     Fraud**

Count I of Plaintiff's Second Amended Complaint asserts a claim for "promissory fraud" against Google based on an alleged contract dated April 4, 2017. According to the Complaint, Plaintiff and Google entered into a contract for Google to run his Adwords campaign on April 4, 2017. SAC at 8. However, after Plaintiff agreed to the contract, Google "decided to terminate his account." *Id.* Google argues Plaintiff has failed to allege the necessary elements of a claim for fraud or to cure the deficiencies in his claim identified in Google's prior Motion to Dismiss and the Court's Order granting that Motion. Mot. at 4. Google thus seeks dismissal of Count I of the Second Amended Complaint with prejudice. *Id.*

"Under California law, the indispensable elements of a fraud claim include a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105 (9th Cir. 2003) (internal quotation marks omitted). Rule 9(b) requires parties "alleging fraud or mistake, [to] state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Claims "grounded in fraud" must "satisfy the heightened pleading requirements of Rule 9(b)." *Vess*, 317 F.3d at 1107. A complaint alleging fraud must "identify the specific misrepresentations [and] specify when and where they occurred." *Id.* "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009); *see also Swartz v.*

*KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (allegations of fraud must be stated with "specificity including an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." (internal quotation marks and citations omitted)).

As in his FAC, Plaintiff's fraud allegations are based on the alleged contract between him and Google. SAC at 8. "The 'mere failure to perform a contract does not constitute fraud,' but 'a promise made without the intention to perform can be actionable fraud.'" *Elements Spirits, Inc. v. Iconic Brands, Inc.*, 2015 WL 5470297, at *3 (C.D. Cal. Sept. 17, 2015) (quoting *Richardson v. Reliance Nat'l Indem. Co.*, 2000 WL 284211, at *4 (N.D. Cal. Mar. 9, 2000)). Here, assuming the parties entered into a contract, Plaintiff does not allege any facts that Google entered into the alleged contract with the intent not to perform under it. As such, there are insufficient allegations to show that the breach of contract was fraudulent. To the extent Plaintiff seeks to bring a claim based on the $350 charge for the phone calls, Plaintiff attached to his FAC a document from his bank showing that he disputed this charge, which the bank credited to his account. Dkt. No. 66-4 at 11. Thus, he did not suffer damages.

Accordingly, the Court **DISMISSES** Plaintiff's fraud claim. As such, and in light of Plaintiff's earlier opportunity to amend this claim, the dismissal is **WITHOUT LEAVE TO AMEND**.

### B. Unlawful Restraint of Trade

Plaintiff contends Google's refusal to run his advertisement constitutes an unlawful restraint of trade under the Cartwright Act, Cal. Bus. & Prof. Code §16700 et seq. SAC at 9. Plaintiff alleges: "After Google banned my ad, I sought alternative sources such as Bing Ads and Facebook, which were not effective at finding my target audience (cancer patients). Substantially increasing the costs of customer acquisition. I have been significantly harmed by this causing both economic and non-economic damages."

California's Cartwright Act "generally outlaws any combinations or agreements which restrain trade or competition or which fix or control prices . . . , and declares that, with certain exceptions, 'every trust is unlawful, against public policy and void.'" *In re Cipro Cases I & II*, 61

Cal. 4th 116, 136 (2015) (quoting Cal. Bus. & Prof. Code §16726) (internal quotation marks and and citations omitted). "To maintain an action for a combination in restraint of trade under the Cartwright Act, the following elements must be established: (1) the formation and operation of the conspiracy; (2) illegal acts done pursuant thereto; and (3) damage proximately caused by such acts." *Asahi Kasei Pharma Corp. v. CoTherix, Inc.*, 204 Cal. App. 4th 1, 8 (2012) (internal quotation marks and citation omitted).

As with his FAC, Plaintiff does not offer sufficient facts to support this claim. Plaintiff alleges the "contract between Google and LegitScript in effect restrains trade, that is per se illegal," and that "a combination between Google-LegitScript and LegitScript-FDA leading to the effect of an unreasonable and thus illegal, restraint of trade." SAC at 9. However, Plaintiff fails to plead any plausible factual basis for the claim he alleges. As discussed above, Plaintiff fails to allege facts that Google engaged in any misconduct by refusing to run his advertisement, let alone that such refusal was the result of an agreement to restrain trade or competition. That LegitScript works with Google to flag advertisements that do not comply with FDA regulations does not, in and of itself, suggest a conspiracy.

As Plaintiff has not identified any plausible conspiracy between Google, LegitScript, and the FDA, and he has not identified any illegal acts done in furtherance of any such conspiracy, the Court **DISMISSES** Plaintiff's Cartwright Act claim. As such, and in light of Plaintiff's earlier opportunity to amend this claim, the dismissal is **WITHOUT LEAVE TO AMEND**.

**C.     Sherman Act**

Plaintiff's third claim is for "Conspiracy to Monopolize" under the Sherman Act. SAC at 9-10. "Every person who shall monopolize, or attempt to monopolize, or combine or conspire with any other person or persons, to monopolize any part of the trade or commerce among the several States, or with foreign nations, shall be deemed guilty of a felony." 15 U.S.C. § 2. A monopolization claim requires a plaintiff to show "three essential elements . . . : (a) the possession of monopoly power in the relevant market; (b) the willful acquisition or maintenance of that power; and (c) causal antitrust injury." *Name.Space, Inc. v. Internet Corp. for Assigned Names & Numbers*, 795 F.3d 1124, 1131 (9th Cir. 2015) (internal quotation marks omitted). "[T]o state a

claim for attempted monopolization, the plaintiff must allege facts that, if true, will prove: (1) that the defendant has engaged in predatory or anticompetitive conduct with (2) a specific intent to monopolize and (3) a dangerous probability of achieving monopoly power." *Coalition for ICANN Transparency, Inc. v. VeriSign, Inc.*, 611 F.3d 495, 506 (9th Cir. 2010) (internal quotation marks omitted).

Plaintiff alleges Google "adwords maintains a near monopoly in online search." SAC at 10. He further alleges that by denying him access to the Adwords platform, Google has "acted exclusionary in a legally anticompetitive way." *Id.* These conclusory statements are insufficient to state a claim. In fact, Plaintiff undermines his own allegation by alleging that Google maintains a "near monopoly" while elsewhere acknowledging various other on-line advertising platforms, such as "Microsoft Bing" and "Facebook ads." SAC at 5, 10.

Accordingly, the Court **DISMISSES** Plaintiff's Sherman Act claim. Despite Plaintiff's prior opportunity to amend, he again fails to allege sufficient facts in support of this claim. Nothing in the SAC or the Opposition suggests Plaintiff now possesses facts which he could not allege in his prior three Complaints. Accordingly, Plaintiff's Sherman Act claim is dismissed **WITHOUT LEAVE TO AMEND**.

### D. Actionable Deceit (Fraud)

Plaintiff's fourth claim is for "Actionable Deceit" based on the $350 charge to his credit card in December 2017. SAC at 10-11. He alleges Google "claims to have cancelled and banned the plaintiff's site due to 'policy' on April 4th of 2017, then how is that they were willing to bill him, in Dec of 2017? The screenshot shows $250, yet they took $350 from my bank account on Dec 8, 2017, for an ad that is 'not allowed?'". *Id.* at 10. He further alleges that "when he inquired into this at how they arrived at this sum? He was given no concrete answer by the off shore representative of Google. He asked for a refund as he found no evidence that he received any of these 4 supposed calls, and was never told how much each call costs." *Id.*

As discussed above, the elements of a fraud claim include a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages." *Vess*, 317 F.3d at 1105. Plaintiff's Second Amended Complaint cites California Civil Code sections 1572(1) and (5)

8

as the basis for his claim. SAC at 10. Section 1572(1) defines fraud to include "[t]he suggestion, as a fact, of that which is not true, by one who does not believe it to be true." Section 1572(5) defines fraud to include "any other act fitted to deceive." Here, even assuming Plaintiff was charged $350 for phone calls based on some mistake in the data, Plaintiff does not offer any facts––let alone facts that would satisfy Rule 9(b)—to indicate Google knew the information was erroneous or that Google intended to deceive Plaintiff in any way. Moreover, Plaintiff has also failed to allege any damages associated with this fraud claim. The documents he previously submitted to the Court indicate that he disputed the $350 charge with his credit card company and received a credit. *See* Dkt. No. 66-4 at 11. These are the same deficiencies in the claim that the Court pointed out in its Order granting Google's previous Motion to Dismiss.

As Plaintiff has failed to cure these deficiencies in his pleading, the Court **DISMISSES** Plaintiff's actionable deceit claim. Despite Plaintiff's prior opportunity to amend, he again fails to allege sufficient facts in support of this claim. Nothing in the SAC or the Opposition suggests Plaintiff now possesses facts which he could not allege in his prior three Complaints. Accordingly, Plaintiff's actionable deceit claim is dismissed **WITHOUT LEAVE TO AMEND**.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Google's Motion to Dismiss the SAC. Although the Court has allowed Plaintiff an opportunity to amend his claims twice before, he still fails to allege any new plausible facts. Nothing in the record suggests Plaintiff possesses new facts that he was unable to allege in his three complaints. Accordingly, dismissal is **WITHOUT LEAVE TO AMEND**. Plaintiff's Motion for Entry of Judgment (Dkt. No. 67) is therefore **DENIED AS MOOT**. This case is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

Dated: July 18, 2018

_____
MARIA-ELENA JAMES
United States Magistrate Judge

9